[Civil No. 1248.   Filed October 29, 1912.]

[127 Pac. 753.]

JOSEPH H. HOLMES, SARAH A. HOLMES, UNITED STATES LAND, TITLE AND LEGACY COMPANY, a Corporation (Appellant), B. G. PECKA, S. HENRY, and JEROME L. SMITH, Defendants, v. WALTER BENNETT, Administrator of the Estate of L. E. PAYSON, Deceased, Appellee.

1. LIMITATION OF ACTIONS—WHO MAY SET UP STATUTE.—Where a purchaser of mortgaged premises on May 5, 1909, assumed and agreed to pay the mortgage debt, and at his request the mortgagor conveyed the premises, subject to the mortgage, to a third person, who had notice of the mortgage and of the purchaser's assumption, and who paid no consideration, the agreement to pay was an original undertaking and not a mere guaranty or suretyship obligation, and neither the purchaser nor the third person could invoke the statute of limitations to defeat an action commenced in March, 1911, to recover the mortgage debt, whether or not an action was barred as against the original mortgagors.

2. MORTGAGES—CONVEYANCE OF MORTGAGED PROPERTY—ASSUMPTION OF PURCHASER TO PAY MORTGAGE—ACTIONS.—The contract of a purchaser of mortgaged premises who assumes to pay the mortgage debt is an original, absolute promise to pay the debt, and the mortgagee may proceed directly and solely on the contract.

3. APPEAL AND ERROR—QUESTIONS REVIEWABLE—SUFFICIENCY OF EVIDENCE—RECORD.—Where the evidence is not in the record on appeal, an assignment of error based on the insufficiency of the evidence to sustain the judgment cannot be considered.

APPEAL from a judgment of the District Court of the Third Judicial District, in and for the County of Maricopa. Edward Kent, Judge.   Affirmed.

The facts are stated in the opinion.

Messrs. Chalmers & Wilkinson and Mr. Lysander Cassidy, for Appellant.

Messrs. Kibbey, Bennett & Bennett, for Appellee.

ROSS, J.—On November 9, 1898, Joseph H. Holmes and wife, Sarah A. Holmes, being then residents of the city of Phoenix, Arizona, executed at said city to L. E. Payson their promissory note for $1,500, due two years after date thereof, and also on said date executed to said Payson, to secure the payment of said note, their mortgage on certain property in said city particularly described in the complaint in this suit. In October, 1902, the said Joseph H. Holmes removed from Arizona and did not at any time thereafter reside in Arizona. On or about May 5, 1909, the said Holmes and wife sold a portion of said premises (the remaining portion having been theretofore released from the lien of said mortgage) to B. G. Pecka, and, at the request of said Pecka, conveyed the premises so sold to the United States Land, Title and Legacy Company, the appellant herein. On or about October 4, 1909, said Payson died, and thereafter Walter Bennett, appellee herein, was appointed administrator of the estate of said Payson, within the territory of Arizona, and as such administrator, in March, 1911, began this suit in the court below to foreclose said mortgage, making said Holmes and wife, said Pecka, said company, Jerome L. Smith, and S. Henry defendants. The plaintiff alleged in his complaint that Holmes and wife removed from Arizona to California in 1903, and thereafter resided in California; that, at the time of the conveyance to said company by Holmes and wife, said Pecka assumed and agreed to pay the mortgage; and prayed for a decree of foreclosure of the mortgage and for a personal judgment against said Holmes and wife, said Pecka, and said company. Said company answered by way of general demurrer, special demurrer, plea of the statute of limitations, and also denied any assumption or agreement by it to pay the mortgage. The court below overruled the said demurrers, and on the trial, on September 29, 1911, refused to give a personal judgment against said company, but rendered a decree foreclosing the mortgage, and also gave a personal judgment against said Pecka. The said company thereafter filed its motion for a new

trial, which motion was, on December 2, 1911, denied. Whereupon it prosecuted its appeal to this court.

The appellant company's general and special demurrers present the question as to whether the action on note and mortgage, as to it, was barred by the statute of limitations or not. The debt became due November 9, 1900, and under Civil Code of 1887, paragraphs 2314, 2316, and 2327, was not barred until five years had run from the accruing of the action. Under Civil Code of 1901, paragraphs 2954, 2956, and 2957, the bar was limited to four years from maturity of debt or accrual of action. It is not material to the decision of this case which of the statutes applies. The trial court in its findings of fact found that defendant Joseph H. Holmes left Arizona in October, 1902, and did not at any time thereafter return. There is no suggestion that the action was barred as to Holmes. The findings are silent as to the whereabouts of Sarah A. Holmes, wife of defendant Joseph H. Holmes. The claim of appellant, however, is that, even though the action was not barred as to the makers, it is barred as to the appellant, which, it is claimed, was the purchaser of the lands covered by the mortgage. Its position is that, having purchased the land after the lapse of time allowed in which to maintain the action, in the absence of conduct on the part of the makers tolling the statute, it may successfully invoke the statute, even though the makers could not do so. This would become an interesting question and its decision imperative if it had not been found by the trial court that B. G. Pecka was the purchaser from the mortgagors. That finding, epitomized, was that Pecka purchased the mortgaged property May 5, 1910, for $2,500, and paid thereon $347, and assumed and agreed to pay the principal and interest of the Holmes-Payson note and mortgage, then amounting to $2,153, "and thereupon and for said consideration and no other, and at the request of said B. G. Pecka, the said Joseph H. Holmes and Sarah A. Holmes, his wife, conveyed the premises mentioned and described to the defendant United States Land, Title and Legacy Company, a corporation, subject to said mortgage, as in said deed stated, and that the said defendant United States Land, Title and Legacy Company, at the time of the conveyance to it of the premises described in said mortgage, . . . had actual notice of the existence of said mortgage and that the same was unpaid, and took the title to said prem-

ises subject to said mortgage.'' The correctness of this finding is not questioned by appellant. The appellant was not, therefore, a purchaser of the mortgaged premises, nor in any manner interested in the property other than the holder of the naked, legal title. Pecka made the purchase, assumed the note and mortgage, and directed that the title of the premises be made to the United States Land, Title and Legacy Company. The latter paid no consideration for the deed, and the findings are silent as to the reason of the conveyance to it except the promises and considerations of Pecka and at his ''request.'' It does not seem that appellant is in a position to invoke the statute of limitations any more than Pecka could invoke that statute.

In *Schmucker* v. *Sibert*, 18 Kan. 104, 112, 26 Am. Rep. 765, that court, speaking through Justice Brewer, as to the *status* of the purchaser of mortgaged property who had assumed to pay the mortgage, said: ''For his contract is an original, absolute promise to pay the debt, and not a mere contract of indemnity, and to save the original debtor harmless. The creditor may ignore the original debtor entirely, and proceed directly and solely upon this promise. The grantee is not simply a surety. His promise is not to see that the original debtor pays, or to pay if he does not. But it is a direct, absolute and unconditional promise to pay the debt to the creditor '' *Johns* v. *Wilson*, 180 U. S. 440, 45 L. Ed. 613, 21 Sup. Ct. Rep. 445. The appellant had ''actual notice'' of Pecka's agreement to pay the note and mortgage. It accepted the deed to the property with full knowledge of his rights and obligations. ''Where the purchaser of mortgaged premises expressly assumes and agrees to pay the mortgage, he is estopped to deny its existence, validity, or lien.'' 27 Cyc. 1361, and note 91. Appellant was privy in estate with Pecka and is as much estopped to deny the existence, validity, and lien of the Holmes mortgage.

The appellant complains that the court erred in overruling its motion for a new trial. This motion was based on the insufficiency of the evidence to sustain the judgment as to appellant. The evidence was not incorporated in the record on appeal. We cannot consider this assignment.

The judgment of the trial court is affirmed.

FRANKLIN, C. J., and CUNNINGHAM, J., concur.

NOTE.—As to the nature and purpose of the statute of limitations, see note in 101 Am. St. Rep. 145.

As to who may plead the statute, see note in 104 Am. St. Rep. 743.

As to when purchaser of mortgaged property may not contest the debt, see note in 22 Am. Rep. 290.

As to when purchaser becomes liable for the payment, see note in 62 Am. Dec. 141.

As to the preserving evidence for review, see note in Ann. Cas. 1913A, 529.