GREAT FALLS & TETON COUNTY RY. CO., Respondent, *v.* E. H. GANONG et al., Appellants.

(No. 3,335.)

(Submitted September 15, 1913. Decided October 6, 1913.)

[136 Pac. 390.]

*Corporations—Board of Directors—Quorum—Validity of Corporate Acts—Officers—Vacancy—Effect of.*

Officers—When Deemed Vacant.
    1. An existing office without any incumbent is vacant, whether it be a new one or an old one.
Same.
    2. An office newly created becomes *ipso facto* vacant in its creation.
Corporations—Board of Directors—Vacancy—Quorum—Validity of Corporate Acts.
    3. Where only three out of five directors provided for in the articles of incorporation as the number constituting the board of directors of a railroad corporation had been selected by the stockholders, the corporate acts of the three, constituting, as they did, a quorum, were valid, as against an attack by one outside the corporation or by the state, so long as they acted either unanimously or by a majority of such quorum.

*Appeal from District Court, Teton County; J. B. Leslie, Judge.*

CONDEMNATION PROCEEDINGS by the Great Falls & Teton County Railway Company against E. H. Ganong and others. From certain findings and an order made to condemn land for railroad purposes, defendants appeal.    Affirmed.

*Messrs. Cooper & Stephenson* and *Mr. H. H. Field* submitted a brief in behalf. of Appellants; *Mr. Samuel Stephenson* argued the cause orally.

In behalf of Respondent, *Messrs. Veazey & Veazey* and *Mr. Phil. I. Cole* submitted a brief; *Mr. I. Parker Veazey, Jr.,* argued the cause orally.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an appeal by the Chicago, Milwaukee and Puget Sound Railway Company and others from certain findings and an order of the district court made in a condemnation proceeding instituted by the Great Falls and Teton County Railway Company against E. H. Ganong and others, to condemn certain lands near the town of Chouteau for railway purposes. The appellants are the owners of the property sought to be condemned, and by this appeal they raise the question of the right of the Great Falls company to exercise the power of eminent domain. The record discloses that, upon the receipt of the charter of the Great Falls company as a Montana corporation, the stockholders selected three persons directors, and that these three directors qualified and organized as a board and constituted the only board of directors of the company at the time these proceedings were before the trial court. The articles of incorporation provide for a board of directors of five members, and section 4274, Revised Codes, fixes five as the minimum number of directors of a railroad corporation. It is urged upon us that, "where a minimum number of directors is fixed by statute or the company's regulations, the provision is mandatory, so that if the total number falls below such minimum

no valid board meeting can be held although the prescribed
quorum may attend''; and 2 Machen's Modern Law of Cor-
porations, section 1456, is cited as authority for the rule which
appellants invoke. The author of the article quoted refers to
but a single case to support his text. (*Bottomley's Case,* 16
Ch. Div. 681.) The decision in that case is reviewed at length
by the supreme court of California, in *Porter* v. *Lassen County
Land etc. Co.,* 127 Cal. 261, 59 Pac. 563, and reference is
had to the peculiarly worded English statute which influ-
enced the decision in *Bottomley's Case.* The California court
reaches the conclusion—and we think correctly—that there is
not anything in the decision of the English case which militates
against the general rule that a quorum of a duly constituted
board may bind a corporation as the board with all its members
present and acting in unison might do, and that vacancies on
the board do not prevent the remaining directors—if they con-
stitute a quorum—from holding lawful meetings and transact-
ing the company's business.

By the organization of the Great Falls company five offices
were created; three of these were filled and the other two sim-
ply remained vacant. ''An existing office without any incumbent
[1] is vacant, whether it be a new one or an old one.'' (*State
ex rel. Buckner* v. *City of Butte,* 41 Mont. 377, 109 Pac. 710;
Mechem's Public Offices and Officers, sec. 131; Throop on Pub-
lic Officers, sec. 431.) ''An office newly created becomes *ipso*
[2] *facto* vacant in its creation.'' (*State ex rel. Smith* v.
*Askew,* 48 Ark. 82, 2 S. W. 349; *In re Fourth Judicial Dist.,*
4 Wyo. 133, 32 Pac. 850.) Section 3836, Revised Codes, pro-
vides for the organization of the board of directors of every
[3] domestic corporation—including railroad corporations—
and then proceeds: ''A majority of the directors is a sufficient
number to form a board for the transaction of business, and
every decision of a majority of the directors forming such board,
made when duly assembled, is valid as a corporate act.'' If,
then, a majority of the directors is sufficient to form *a board,*

and such board can perform all corporate acts, vacancies cannot affect the legality of its proceedings so long as the legally constituted quorum is present and acting either unanimously or by a majority of such quorum.   (*Porter* v. *Lassen County Land etc. Co.,* above.)   The failure of the stockholders of this corporation to fill all the offices by electing five directors does not invalidate the title of the three who were selected or prevent them from legally representing the corporation so long as they constitute a quorum.   (*Wright* v. *Commonwealth,* 109 Pa. 561, 1 Atl. 794; *In re Union Ins. Co.,* 22 Wend. (N. Y.) 591; *Schmidt* v. *Mitchell,* 101 Ky. 570, 72 Am. St. Rep. 427, 41 S. W. 929.)   This attack is from outside the corporation, and presents a different question from the one which would arise if a minority stockholder or the state was complaining that the stockholders of this company had not discharged fully their duty and elected all the directors required by the articles of incorporation and the statutes of this state.   In the present controversy, as between this corporation and a person from outside the corporation itself, the trial court properly held that the Great Falls and Teton County Railway Company was authorized to exercise the power of eminent domain.   So far as the trial court's findings and order are involved in this appeal, they are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.