## JAMES v. WHITE.

No. 12140—Opinion Filed Jan. 15, 1924.

(Syllabus.)

### Appeal and Error—Time for Objections to Sufficiency of Evidence.

Where the plaintiff submits his case to a jury without legally attacking the sufficiency of the evidence, the question whether there is evidence to support the verdict is not presented for review by plaintiff's motion for a new trial.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by Rhoena James against E. T. White. Judgment for defendant, and plaintiff brings error. Affirmed.

C. M. Threadgill, for plaintiff in error.

G. T. Ralls and Trice & Davison, for defendant in error.

COCHRAN, J. Rhoena James, as plaintiff, filed suit in the district court of Coal county against E. T. White, as defendant, seeking to reform a deed given by her to defendant on September 10, 1919, by eliminating a tract of land from the description in said deed. It was the contention of the plaintiff that she sold to

the defendant all of the Jesse James allotment except 27 acres on the east side of the Missouri, O. & G. Railroad, which she did not sell, and that the defendant fraudulently had the entire allotment included in the deed. The case was submitted to a jury, and a verdict returned for the defendant, whereupon judgment was rendered by the trial court for the defendant and the plaintiff has appealed.

It is insisted by the plaintiff that this is a case of equitable cognizance, and this court should weigh the evidence and, if the judgment of the trial court is clearly against the weight of the evidence, judgment should be rendered by this court for the plaintiff.

The defendant contends that the case was tried by both parties as a jury case, and that the rule applicable as to the sufficiency of evidence to support a verdict of the jury in a law case should be applied in this case. An examination of the motion for a new trial discloses three grounds for a motion for a new trial, to wit: (1) the verdict of the jury is contrary to the evidence and not supported by the evidence; (2) the verdict of the jury is contrary to the law; and (3) the court erred in refusing to allow the plaintiff to introduce testimony as to the value of the land in controversy.

It is apparent from this motion for a new trial that the plaintiff did not present the question of the insufficiency of the evidence to support the judgment or the decree of the court, but only attacked the verdict of the jury on the ground that such verdict was contrary to the evidence and law. The sufficiency of the evidence to support the verdict of the jury cannot be raised for the first time on motion for new trial, but must be raised during the trial of the case. Norman v. Lambert, 64 Okla. 238, 167 Pac. 219.

We are of the opinion that, although this case was tried as a law case; it is one of purely equitable cognizance, and, although it is our opinion that the question of the insufficiency of the evidence to support the decree of the court is not properly presented for determination because it is not contained in the motion for a new trial, we have nevertheless examined the record in this case, and it is our opinion that the judgment of the trial court is not clearly against the weight of the evidence.

The only other error assigned is the refusal of the trial court to permit evidence as to the value of the real estate which plaintiff contended was wrongfully inserted in the deed. Since we have concluded that the plaintiff was not entitled to a reformation of the deed, the action of the trial court in excluding this evidence was not prejudicial to the rights of the plaintiff.

For the reasons stated, the judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, NICHOLSON, and MASON, JJ., concur.