## DOUTHAT v. BANK OF QUAPAW.

No. 14492—Opinion Filed Jan. 15, 1924.

(Syllabus.)

### 1. Bills and Notes—"Holder for Value."

Under section 7696, Comp. Stat. 1921, where value has at any time been given for the instrument, the holder is deemed a holder for value in respect to all parties who became such prior to that time, and under section 7695, Comp. Stat. 1921, an antecedent or pre-existing debt constitutes value.

### 2. Same—Defenses—Liability of Accommodation Party.

Under section 7699, Comp. Stat. 1921, an accommodation maker or indorser is liable to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party, and such accommodation party cannot set up lack of consideration against such holder for value.

### 3. Appeal and Error—Necessity for Exceptions—Evidence.

Errors alleged to have occurred at the trial in the lower court in admitting testimony will not be considered on appeal unless exceptions to the admission of such testimony were taken.

Error from District Court, Ottawa County; S. C. Fullerton, Judge.

Action by the Bank of Quapaw against C. A. Douthat. Judgment for plaintiff, and defendant brings error. Affirmed.

Dyke Ballinger, for plaintiff in error.

Wm. M. Thomas, for defendant in error.

COCHRAN. J. This action was brought by the defendant in error, as plaintiff below, against plaintiff in error, as defendant below, to recover on a promissory note. It is the contention of the plaintiff in error that the note was executed as an accommodation for the defendant in error and was, for that reason, without consideration, and also that the note was delivered upon the condition that the same should not become a binding obligation until it was signed by other parties whose signatures were never procured. The note was executed in renewal of a pre-existing debt, and the defendant in error was a holder of the instrument for value under section 7695, Comp. Stat. 1921. In Lindsay State Bank v. Forbis, No. 14299, decided Nov. 20, 1923 (pending on rehearing), it was stated:

"Under section 7699, Comp. Stat. 1921, an accommodation maker or indorser is liable to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party and such accommodation party cannot set up lack of consideration against such holder for value."

There was testimony introduced tending to contradict the contention made by the plaintiff in error that the note was conditionally delivered, and, since the finding of the trial court in favor of the defendant in error is supported by evidence tending reasonably to sustain the same, the finding will not be disturbed on appeal.

The plaintiff in error complains of the admission of certain testimony. An examination of the record discloses that no exceptions were saved by the defendant in error to the introduction of the evidence appearing on pages 31, 33, 71, and 72 of the case-made. Since no exceptions were saved, the alleged error in the admission of this testimony will not be considered on appeal. There is no merit to the objection made to the admission of the other testimony.

The judgment of the trial court is affirmed.

JOHNSON, C. J., and McNEILL, KENNAMER, HARRISON, MASON, and LYDICK, JJ., concur.