## LAWRENCE v. PERLSTEIN.

No. 13208—Opinion Filed March 18, 1924.

Rehearing Denied May 20, 1924.

(Syllabus.)

1. **Evidence — Bills and Notes — Parol Evidence Varying Writing—Liability of Accommodation Party to Note.**

Evidence offered for the purpose of showing that a written instrument was delivered conditionally does not constitute contradicting or varying a written instrument by parol. Such evidence does not tend to show any modification or alteration of a written instrument, but shows that it never became operative and its obligation never commenced. A written contract must be in force to make it subject to the parol evidence rule. However, evidence of an accommodation party to a note sued on, that he indorsed it upon representation of the maker that it was to be used for a specific purpose and evidence of a diversion therefrom does not state a defense against a payee without notice of such representation or understanding.

2. **Bills and Notes — "Accommodation Party"—Liability.**

Section 7699, Comp. Stat. 1921, defines an accommodation party as one who signs the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party.

Error from District Court, Kay County; H. S. Burke, Judge.

Action by Herman Perlstein against Albert Markwood and J. R. Lawrence to recover on a certain note executed by Albert Markwood and J. R. Lawrence to Herman Perlstein. Judgment for plaintiff, and defendant J. R. Lawrence brings error. Affirmed.

W. S. Cline and William H. Cline, for plaintiff in error.

Sargent & Ross, for defendant in error.

MASON, J. This action was commenced by the defendant in error, Herman Perlstein, to recover on a note executed by Albert Markwood and J. R. Lawrence. No service was had upon Markwood. Lawrence answered, admitting that he and Markwood executed the note sued on. He further alleged that at the time said note was given Markwood was negotiating with the plaintiff for the purchase of a house on lot 6, block 64, in Newkirk, for the consideration

of $400, and that under the agreement between Markwood and the plaintiff, Markwood was to have immediate possession of same and said note was to be applied on the purchase price; that said note was executed by Lawrence under the specific agreement and understanding that the same was to be so applied and that possession of said house was to be given immediately to Markwood. He further alleges that plaintiff was unable to give possession to Markwood; that the purchase of said property was not consummated; that the consideration for which said note was given wholly failed, and that the plaintiff was not entitled to recover.

The facts in the case are substantially as follows: That during September, 1918, Markwood entered into negotiations with the plaintiff for the purchase of a small house for $400, and Markwood was to have immediate possession thereof and make a down payment of $100; that thereupon the defendants, Markwood and Lawrence, executed the note sued on and the same was delivered to the plaintiff. The plaintiff was unable to give immediate possession of said house, after which plaintiff and Markwood entered into another transaction whereby the plaintiff sold Markwood another and larger house for $4,000 and said note was applied on the purchase price of it. It is further contended that Markwood had a large family and no place to live, and that he signed said note with the understanding and agreement with Markwood that it was to be applied on the purchase of a small house and with the further understanding that Markwood's family could occupy the same immediately. No contention is made that the plaintiff had any knowledge of such agreement or understanding.

Upon plaintiff's motion, defendant's evidence as to this understanding and agreement was stricken. Judgment was rendered for plaintiff, and the defendant Lawrence has perfected this appeal.

For reversal, plaintiff in error contends that the court erred in striking said testimony, for the reason that it tended to show a conditional delivery of said note and a nonperformance of said conditions. The rule is well settled in this state that parol evidence may be given to prove the existence of any separate parol agreement constituting a condition precedent to the attaching of any obligation under a written instrument, as the purpose of such evidence is not to vary the terms of the written instrument, but to prove that no contract was ever made, and that, therefore, the obligation never commenced. Gamble v. Riley et al., 39 Okla. 363, 136 Pac.

390; Colonial Jewelry Company v. Brown, 38 Okla. 44, 131 Pac. 1077; Joyce on Defenses to Commercial Paper, sec. 312.

It is elementary, however, that if said evidence was offered for the purpose of proving a contemporaneous parol agreement contradicting or varying the terms of a written instrument, then it was not admissible and the court properly excluded the same.

The question for our determination is: Did Lawrence sign the note upon the condition that it was not to be delivered and become binding upon him except upon condition that Markwood purchase the small house and secure immediate possession or did he, in signing it, merely rely upon Markwood's representation that he would apply it on the purchase of the small house, of which he was to have immediate possession? The allegations of defendant's answer applicable to this question are as follows:

"That said note was executed by this defendant under the specific agreement and understanding that the same was to be applied on the purchase of the said (small) house and that possession was to be immediately given to Albert Markwood; that the said Markwood was without a house to live in and that he had a family of his wife and several children and that said note was given for the purposes as hereinabove set forth—to procure for the said Albert Markwood a house into which to move at once."

With reference to signing the note Lawrence testified as follows:

"My idea was to give the man a place to live. I felt that he would get the $100, that was all I wanted, was to get the man a place to live."

It does not appear either from the record or the offered evidence, which was refused, that Lawrence made the immediate possession of the small house or the application of said note as payment therefor a condition precedent to the delivery or taking effect of said indorsement. It is true he no doubt relied upon the representation of Markwood, and he may not have indorsed the note except therefor. He could have made the happening of such events a condition. but not having done so he cannot contradict the written instrument by parol evidence.

Plaintiff in error cites Daniel on Negotiable Instruments, vol. 2, page 1467, as follows:

"And where a bill is drawn or accepted or a note made or indorsed for accommodation with an agreement that it shall be used for a particular purpose, any diversion in its

use operates a discharge of the party accommodation as to all other parties who have knowledge of such diversion."

He also cites Benjamin v. Rogers, 126 N. Y. 60, which holds as follows:

"A transferee of negotiable paper who takes it knowing that it was executed by an accommodation maker and was transferred in violation of conditions or limitations imposed by such maker cannot maintain an action thereon against him. Such maker has a right to determine for himself seemingly immaterial conditions limiting its use and no one can get title as against him who takes it with full knowledge in violation of the conditions."

These citations are not applicable to the instant case. Even if said evidence were sufficient to show a conditional indorsement of said note by the defendant Lawrence as an accommodation maker, and a delivery thereof in violation of such condition to the payee, still the plaintiff would be entitled to recover thereon in the absence of knowledge on his part of said conditions and the violation thereof. 8 Corpus Juris, 207.

It is also urged that plaintiff was not entitled to recover because there was a total failure of consideration for said note.

This contention is based upon the fact that said note was originally executed for the purpose of being applied on the small house, and inasmuch as that transaction was never closed, there was no consideration for said note. It is undisputed, however, that the note was delivered to the plaintiff as part payment on the larger house. No consideration, however, passed to Lawrence, but that was unnecessary under section 7699, Comp. Stat. 1921, which provides as follows:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

From an examination of the entire record herein, we are of the opinion that no error was committed by the trial court and the judgment is, therefore, affirmed.

JOHNSON, C. J., and NICHOLSON, COCHRAN, and WARREN, JJ., concur.