## SMITH, Adm'r, v. MAUD OIL & GAS CO. et al.

No. 13708—Opinion Filed Sept. 16, 1924.

### Appeal and Error—Review—Findings of Court.

A jury case having been tried to the court without a jury, a general finding by the court in favor of one of the parties will, upon review here, be given the same weight as the verdict of a jury. (b) Where the evidence was partly in parol and partly in writing, and conflicting, and the finding of the court is general, such finding is a finding of every special thing essential to sustain the general finding, and is conclusive upon this court upon all doubtful and disputed questions of fact.

(Syllabus by Jones, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Pottawatomie County; Hal Johnson, Judge.

Action by Eugene B Smith, administrator of the estate of A. R. Morgan, against Maud Oil & Gas Company and others. Judgment for defendants, and plaintiff appeals. Affirmed.

McDougal, Allen & Pryor, Wyatt & Waldrep, and J. T. Smith, for plaintiff in error.

Goode & Dierker, for defendants in error.

Opinion by JONES, C. This action was instituted in the district court of Pottawatomie county, Okla., on the 2nd day of March, 1921, by A. R. Morgan, plaintiff in the trial court, against the Maud Oil & Gas Company, a corporation, and Charles Sochor, Frank Miskovsky, and J. L. Straka, to recover the sum of $15,200, alleged to have been expended under a certain contract with the defendants for the drilling of a certain oil and gas well in Pottawatomie county, and for the foreclosure of a lien and damages. To which petition the defendants

filed their answer and cross-petition; defendants admit that they entered into the written contract attached to and made a part of plaintiff's petition, but deny any liability thereon, and further answering aver that the plaintiff abandoned said well without completing same as provided under the terms of the agreement and thereby forfeited the contract; that these defendants paid large sums of money to the plaintiff, pursuant to said contract, which they are now entitled to recover, and in their cross-petition pray for judgment in the sum of $7,776.20, and ask that plaintiff take nothing by reason of the allegations of his petition.

The cause was thereafter submitted to the court without the intervention of a jury, and at the close of the introduction of the evidence on the part of plaintiff, the record discloses that demurrers were interposed on the part of the defendants, and sustained as to the administrator of the defendant, Frank Miskovsky, and overruled as to the other parties defendant, and thereupon the defendants introduce their testimony in support of their answers and cross-petition, and after the introduction of rebuttal testimony on the part of the plaintiff, the defendant Sochor moved for judgment, but no ruling appears to have been made thereon, and thereafter the court rendered judgment generally in favor of the defendants Straka and Sochor and against the plaintiff Morgan, and at that time took said cause as between the plaintiff, Morgan, and the defendant Maud Oil & Gas Company under advisement, and thereafter, on the 3rd day of February, 1922, rendered final judgment in the matter, finding generally in favor of the defendant Maud Oil & Gas Company and against the plaintiff, A. R. Morgan, upon the defendant's cross-petition for the sum of $3,438.13, with interest. There were other parties defendant named in the petition, but it appearing that they had no interest in the cause of action, no mention is made of them. Motion for a new trial was filed and duly overruled, from which order and judgment the plaintiff, Morgan, appeals.

The record further discloses that after the taking of the appeal, the plaintiff, A. R. Morgan, died, and by order of the court the cause was revived in the name of Eugene B. Smith, administrator, and this appeal is prosecuted in his name.

Appellant sets forth the following specifications of error:

"That the judgment is not supported by the evidence, but is contrary thereto. That the judgment is contrary to law"

—and bases his right to a reversal of this cause upon the above grounds.

We gather from the record that the oil and gas well in question had been formerly drilled to a depth of about 1,800 feet, and that the defendants, appellees herein, employed appellant, Morgan, to complete the well to a depth of 2,920 feet, and according to the memorandum of agreement, pleaded and introduced in evidence, was to receive as a consideration therefor $8,000, was to begin said work by the 20th of September, 1919, and was to receive, in addition to the cash consideration of $8,000, an 80-acre lease in the vicinity of the well. The appellant alleged in his petition in the trial court that some time after the beginning of operations on the well, pursuant to the terms of the written agreement, that he concluded that it was inadvisable to pursue drilling further on account of certain obstacles in the way of drilling, having discovered that there was iron in the bottom of the hole, and that he notified the appellees of his intention to abandon the well for that reason, whereupon the defendants insisted that he proceed with the drilling, and assured him that they would pay all expenses incurred by reason of his attempt to fish out, and to drill by the iron found in the hole. And that thereupon he proceeded with the drilling until he had expended the amount sued for, $15,200 and had reached a depth of approximately 2,600 feet, at which time he abandoned said well, for the reason and because the defendants failed and refused to comply with the terms of the agreement. wherein they had agreed to furnish all material, fuel, and supplies necessary in the drilling operations. And the testimony offered by appellant tends to establish the facts as alleged. On the other hand, the defendants denied that they entered into any other or different contract from that expressed in writing, and denied that they ever made any oral agreement whereby they agreed to pay any expense incurred by reason of the fishing operations and drilling by the irons in the bottom of the hole, and further aver in their answer that the facts as to the condition of the hole, and that there was iron in the bottom of same, at the time of the execution of the contract, were made known to the appellant, and that he entered into the contract with full knowledge of all the facts, and they further aver that they paid all legitimate expenses incurred by reason of the purchase of fuel and material and necessary appliances in furtherance of drilling operations, and the testimony of the appellees, Straka and Sochor, tends to establish

the facts as pleaded by them. They also offer in evidence the testimony of Miss Trailer, bookkeeper for the Maud Oil & Gas Company, and through her offered in evidence their books, checks and drafts and records showing an expenditure on their part in carrying out the terms and conditions of the contract entered into by the appellant, amounting to over $7,000, and they both by pleadings and in their testimony controvert the contention of the appellant that he was forced to abandon the well, and take the position that he abandoned same of his own voluntary will and accord, and without any justification and without fault on their part.

The appellant cites numerous authorities in support of the contention that he was justified in abandoning the well by reason of failure of appellees, defendants in the lower court, to perform their part of the contract, and cites the case of Porter v. Arrowhead (Cal.) 35 Pac. 146; Butson v. Stoll, 76 N. Y. Supp. 334; Batchelor v. Kirkbride, 25 Fed. 899, in support of this contention.

The appellees do not attempt to controvert the correctness of the rule, and the authorities cited, but contend that they are in no wise applicable to the facts as they appear in this case, and that the only issue presented by reason of the nature and character of the appellant's assignment of error is that of the sufficiency of the evidence to sustain the judgment of the trial court, and in support of this contention the appellees cite the case of James v. White, 96 Okla. 289, 222 Pac. 506, a recent Oklahoma case, wherein the court held:

"Where the plaintiff submits his case to a jury without legally attacking the sufficiency of the evidence, the question whether there is evidence to support the verdict is not presented for review by plaintiff's motion for a new trial."

And also cite other Oklahoma authorities supporting this rule and make the contention that in view of the fact that the appellant neither demurred to the evidence nor moved for judgment that he is estopped thereby from presenting that question as error at this time.

From an examination of the authorities cited, we find them to be causes submitted to a jury, but we think a different rule applies to a case tried to the court without the intervention of a jury. The appellants call attention to the case of Page v. Atkins, 86 Okla. 290, 208 Pac. 807, wherein the court said:

"Counsel for the plaintiff argued that this court is precluded from considering the sufficiency of the evidence to sustain the judgment of the trial court for the reason that the defendant did not interpose a demurrer to the evidence of plaintiff or move the court for a judgment. This conclusion made by counsel for plaintiff has been repudiated by this court, in the case of Porter v. Wilson, 39 Okla. 500, 135 Pac. 732, and in the case of Lyon v. Lyon, 39 Okla. 111, 134 Pac. 650."

And from an examination of these authorities, we find that this court has held that it is not necessary, where the cause is submitted to the court without the intervention of a jury, to interpose a demurrer or move the court for judgment in order to raise the question of the sufficiency or insufficiency of the evidence on appeal; the court, while acting in the capacity of a jury is necessarily called upon to determine the facts and weigh the testimony, pass on the credibility of the witnesses, etc., precluding the necessity of submitting by special procedure, the sufficiency of the evidence to the court.

We have carefully considered the evidence as set forth in the brief of plaintiff in error, and in order to be more conversant with the facts in the case have also carefully read the testimony of all the witnesses, as disclosed by the case-made, and while the evidence is in no wise conclusive as to the rights of either party, or as satisfactory as we would like to have in order to determine the rights of these parties, we are not prepared to say that the judgment of the trial court is not supported by sufficient evidence. The trial court was necessarily as familiar with the facts, and in a better position to weigh the testimony of witnesses, and to determine the justness and correctness of the contentions made by the contending parties than is this court, and as has been repeatedly held by this court:

"When a jury is waived and issues both of law and fact are submitted to the trial court, its findings will not be disturbed by the Supreme Court, if there is any evidence reasonably tending to support the same."

Lamb v. Bennett, 81 Okla. 41, 195 Pac. 543; Barnett v. Barnett, 78 Okla. 249, 189 Pac. 743; Sims v. Ward, 78 Okla. 72, 188 Pac. 884. Following this line of authorities, which announces a correct and just rule, we are unable to agree with the contention of appellant herein, and finding no error which would justify the reversal of this case, we therefore recommend that same be affirmed.

By the Court: It is so ordered.