## PIONEER MORTGAGE CO. v. RAGS-DALE et al.

No. 13046—Opinion Filed Oct. 28, 1924.

(Syllabus.)

1. **Appeal and Error—Review—Sufficiency of Evidence—Issues Antecedent to Equitable Remedy.**

It is only in cases where the issues formed by the pleadings are of purely equitable cognizance that this court on appeal can examine and weigh the evidence and decide where the clear weight thereof lies, and cause to be rendered a judgment different from that rendered by the trial court, if the judgment of the trial court is against the clear weight of the evidence. If the pleadings form issues triable at law, the decision of which is necessarily antecedent to and determinative of the equitable remedy sought, such action is not one of purely equitable cognizance.

2. **Same—Question of Existence of Contract Assuming Mortgage.**

Where a contract to the effect that the grantees will pay a mortgage indebtedness existing on land is alleged to have been made at the time a deed was made to the grantees, and such contract, if made, is pleaded as the basis of estoppel against the purchasers asserting the invalidity of the mortgage and the making of such contract or agreement is denied, this is in its nature a law action.

If the finding of the court (a jury having been waived) is that no such contract or agreement was made, and there is evidence reasonably tending to support such finding, it cannot be disturbed here. The record in the instant case discloses there was evidence reasonably tending to support the finding of the trial court on this issue, and its judgment is accordingly affirmed.

Error from District Court, Jefferson County; Cham Jones, Judge.

Action by the Pioneer Mortgage Company against J. W. Ragsdale and others. Judgment for certain defendants, and plaintiff brings error. Affirmed.

Embry, Johnson & Tolbert, for plaintiff in error.

Kennamer & Coakley, for defendants in error.

BRANSON J. The disclosures in the record warrant us in accepting the statement of the case substantially as made in the brief of plaintiff in error, the Pioneer Mortgage Company. It is in substance:

The Pioneer Mortgage Company sued as plaintiff in the district court of Jefferson county to recover a personal judgment of $750 and interest on a note executed by Mary Jane Brown, nee Anderson, and J. F. Brown, and to foreclose a mortgage on real estate executed by the note makers to secure the same. The note and mortgage pleaded bore date January 1, 1917. The note sued on is due January 1, 1925, with interest at 6 per cent. per annum, payable annually, and plaintiff alleges that by reason of the default in the payment of the annual interest on the 1st day of January, 1919, plaintiff elected, under the terms of the note and of the mortgage securing same, to declare the debt due. It is alleged that the other defendants, J. W. Ragsdale, R. L. Davis, and S. P. Boyd, were asserting an interest in the property described in plaintiff's petition and covered by the mortgage, which interest plaintiff alleges it believes arises by virtue of a certain deed dated March 23, 1918, made by Mary Jane Brown and J. F. Brown, her husband, to said defendants.

The defendants Mary Jane Brown and J. F. Brown made default and filed no answer.

The answer of the defendants J. W. Ragsdale, R. L. Davis, and S. P. Boyd consisted of a general denial with an admission of the purchase of the lands, together with the allegation that the mortgage upon which plaintiff brings this suit is illegal and void and was executed in violation of the acts of Congress and did not create any lien upon the lands in controversy herein; that the said Mary Jane Brown, nee Anderson, is a member of the Choctaw Tribe of Indians, and that the lands in controversy herein were her allotment as such Indian citizen, and were subject to all restrictions upon alienation provided by the acts of Congress; that said Mary Jane Brown was not of age according to the roll and enrollment records of the Commission to the Five Civilized Tribes on the 1st day of January, 1917, the date on which said mortgage and note were executed, and had not reached the age of 18 on that date, but was a minor according to the enrollment records of said tribe; that the enrollment records of the Commissioner to the Five Civilized Tribes show that said Mary Jane Brown is a female and was born on the 23rd day of March, 1900, and that her act in executing said mortgage upon said lands was void and created no lien upon said land.

To this answer of the defendants Ragsdale, Davis and Boyd, the plaintiff filed its reply, denying each and every allegation of new matter therein contained, except it alleged that said defendants, Ragsdale, Boyd, and Davis, contracted and agreed with the said Mary Jane Brown and J. F. Brown to purchase from said Mary Jane Brown and J. F. Brown the property and premises de-

scribed in plaintiff's mortgage and further described in the plaintiff's petition; that it was agreed between the said Mary Jane Brown and J. F. Brown, the owners of said property, and J. W. Ragsdale, R. L. Davis, and S. P. Boyd that the valuation of said property was $2,600, and was agreed by and between the vendors on one hand and the vendees on the other hand that the said purchasers would assume and agree to pay the mortgage indebtedness against said property, which consisted of a first mortgage amounting to the sum of $750 held by the Pioneer Mortgage Company, which is the mortgage referred to and set forth in the plaintiff's petition, and a second mortgage in the sum of $105, also held by the Pioneer Mortgage Company, and in pursuance of the agreement to do so the said Mary Jane Brown and J. F. Brown, under date of March 23, 1918, executed a warranty deed whereby there was conveyed to the defendants, Ragsdale, Davis, and Boyd, the lands embraced in the mortgage executed prior thereto by the said Mary Jane Brown and J. F. Brown, and the said above named defendants, that the said defendants should deduct from the sum to be paid to said Mary Jane Brown the full sum for which said lands had been mortgaged by said Mary Jane Brown and her husband to the Pioneer Mortgage Company, to wit, the sum of $750, with interest thereon from January 1, 1918, at the rate of 6 per cent. per annum, and the further sum of $105, the second mortgage above referred to.

Plaintiff further avers in said reply that by reason of the above and foregoing, the defendants Ragsdale, Davis, and Boyd are estopped to deny the validity of the mortgage sought to be foreclosed in this action, and to permit said defendants above named to deny the validity of said mortgage or to assert that it is invalid would be a fraud upon the plaintiff and upon the said Mary Jane Brown and J. F. Brown, her husband.

The case was tried to the court, a jury being waived, and the court found generally in favor of the defendants Ragsdale, Davis, and Boyd, and entered judgment in favor of the plaintiff and against the defendants Mary Jane Brown and J. F. Brown, in the sum of $1,009.42, and the further sum of $75 as attorneys fee on the notes, but as against the defendants Ragsdale, Davis, and Boyd, the court found that the plaintiff is not entitled to recover, and rendered judgment against the plaintiff and in favor of the defendants Ragsdale, Davis, and Boyd, that the plaintiff take nothing by this action and that the mortgage of the plaintiff be can-

celed and discharged of record as void, because of the minority of Mary Jane Brown at time of its execution.

It is conceded that the defendant Mary Jane Brown, who executed the notes and mortgages sued on, was a member of the Choctaw Tribe of Indians, having 3/8 Indian blood. It was further established from the enrollment record that Mary Jane Brown, who was then known as Mary Jane Anderson, was born on the 23rd day of March, 1900. The notes and mortgage bear date of January 1, 1917.

Plaintiff in error summarizes its assignments of error in the argument to "The decision and judgment is not sustained by sufficient evidence and is contrary to law."

Pursuing the allegations in its reply to the answer of Ragsdale, Davis, and Boyd, it bases its argument upon the question, Did these last named defendants—the purchasing defendants—agree as part of the consideration for the land to pay the mortgage debt in addition to the cash payment of $1,475 made to Mary Jane Brown and her husband at the time the deed was made, March 23, 1918?

Plaintiff in error says the evidence showed this contract was made, and its legal conclusion on this contention is summarized in quotations from several cases to the effect that these purchasing defendants are estopped from asserting the validity of the mortgage. Plaintiff in error's contentions as to the law are briefed as follows:

"Our statute, section 895, Rev. Laws 1910, provides:

"'A contract, made expressly for the benefit of a third person, may be enforced by him at any time before the parties thereto rescind it.'

"In Holmes et al. v. Bennett (Ariz.) 127 Pac. 753, held:

"'The contract of a purchaser of mortgaged premises who assumes to pay the mortgage debt is an original, absolute promise to pay the debt, and the mortgagee may proceed directly and solely on the contract.'

"And on page 754, it is said:

"'In Schumacker v. Sibert, 18 Kan. 104, 112 (25 Am. Rep. 765), that court, speaking through Justice Brewer, as to the status of the purchaser of mortgaged property who had assumed to pay the mortgage, said, 'For his contract is an original, absolute promise to pay the debt and not a mere contract of indemnity and to save the original debtor harmless. The creditor may ignore the original debtor entirely and proceed directly and solely upon his promise. The grantee is not simply a surety. His promise

is not to see that the original debtor pays, or to pay if he don't; but it is a direct, absolute and unconditional promise to pay the debt to the creditor." Johns v. Wilson, 180 U. S. 440, 21 Sup. Ct. 445, 45 L. Ed. 613.'

"In Hare v. Murphy, 45 Neb. 809, 29 L. R. A. 851, 64 N. W. 211, it was held that it was immaterial and of no consequence to the grantee that his grantor may or may not have been personally liable to the mortgagee. regardless of whether the grantor was liable or not. And to the same effect were the decisions in Little v. Thomas, 4 Ohio Dec., reprint, 513; McKay v. Ward. 20 Utah, 149, 46 L. R. A. 623, 57 Pac. 1024.

"And in Cobb v. Fishel, 15 Colo. App. 384, 62 Pac. 625, it was held that this liability can be enforced in an action at law, as well as in an equitable suit, and, is not at all dependent on the doctrine of subrogation, but is a contractual liability and the party to whose benefit the promise inured can maintain the action.

"So in Marble Sav. Bank v. Mesarvey, 101 Iowa, 285, 70 N. W. 198, the court said that, as there could be no question but that, as between the purchaser and the grantor, the latter could enforce the contract, there was no reason for limiting the right of the mortgagee to recover from the purchaser, in those cases in which the grantor was himself liable.

"In Merriman v. Moore, 90 Pa. 78, it was held that where a grantee assumes the mortgage for a valid consideration, he cannot set up as a defense the fact that his grantor was not bound to pay. The court said: 'A vendor may direct how the purchase money shall be paid. He may reserve it to himself, donate it to a public charity, or may make such other disposition of it as may best meet his views; and, if his vendee agrees to pay it according to such directions, he cannot set up as a defense that his vendor was under no duty to apply it in such manner.'

"So, a grantee of real property who assumes and agrees to pay a mortgage thereon was held, in Enos v. Sanger, 96 Wis. 150, 37 L. R. A. 862, 65 Am. St. Rep. 38, 70 N. W. 1069, to be personally liable for the deficiency on foreclosure, although his immediate grantor did not assume the payment of the mortgage, and was not liable therefor, as the rule in Wisconsin is that where one person for a valuable consideration engages with another to do some act for the benefit of a third person, the latter may maintain an action against the promisor for the breach of the agreement."

The deed itself usually contains an assumption of or an expression that it is subject to the mortgage. Where the purchaser assents to such a clause, we think the authorities estop him from asserting the invalidity of the mortgage where the instrument through which he claims in effect accepts it. But the deed in the instant case was a warranty and made no reference to the mortgage; among its covenants was that the premises were free from incumbrance.

It is stated in Raffel v. Clark et al. (Conn.) 89 Atl. 184:

"An agreement to purchase mortgaged land does not necessarily involve an agreement to become personally liable for the mortgage debt. The trial court correctly held that the burden of proof was on the plaintiff to prove an agreement by the appellant to assume the debt, and, we think, that the facts found are insufficient to support the inference that such an agreement existed, but rather tend to exclude such an inference."

The theory of the law deducible from the line of authorities cited supra is that the debt to be paid is the purchaser's own debt and not the debt of his grantor, and it is this that takes such a contract when resting in parol out of the statute of frauds.

The contract, if in fact made, could be enforced by the Browns or by the Pioneer Mortgage Company, either at law by suing on the contract, or by foreclosing its mortgage, the validity of which in the face of the contract the purchasing defendants would be estopped to deny. The equitable remedy of estoppel, however, is entirely dependent upon the existence of the contract as a fact.

The purchasing defendants plead no such agreement was made. The burden was on the plaintiff, plaintiff in error here, to establish the same, and the amount due by reason thereof. If the plaintiff had elected to waive the mortgage and sue on the contract, it would have been purely a law action, accompanied with no equity feature. But it sued to foreclose its alleged mortgage on the land, which it could not do as against the pleadings of the purchasing defendants, because of its invalidity, unless estoppel comes to its aid on establishing the agreement on the part of Davis, Ragsdale, and Boyd to pay the mortgage debt.

The grantors testified for plaintiff in support of the agreement; the grantee Davis denied there was such an agreement, and the deed made no reference to the mortgage. If the testimony of Davis was believed, and the trial court did believe it, there was no such contract.

But we are called upon in the briefs to weigh the evidence and decide whether the judgment on this question was not against the clear weight of the evidence.

It is only in cases of purely equitable cog-

nizance that the court can weigh the evidence and cause to be rendered such judgment as should have been rendered by the trial court in keeping with the clear weight of the evidence.

The instant case is not one of purely equitable cognizance and the rule governing law actions must be applied. In such cases, if there is competent evidence reasonably tending to support the verdict (or finding of the court, where jury is waived), this court cannot disturb it. There was such evidence in this case.

The judgment of the trial court is affirmed.

McNEILL, C. J., and NICHOLSON, HARRISON, JOHNSON, WARREN, and GORDON, JJ., concur.