## NORTHERN IMPLEMENT & PRODUCE CO. v. TURNER-CLINTON CO.

No. 16543—Opinion Filed April 6, 1926.

1. **Sales—Implied Warranty of Fitness of Goods for Consumption.**

In the absence of contract which negatives

the same, there is an implied warranty in the sale of goods, wares, and merchandise sold for human consumption that such articles are fit for the purpose for which they are usually sold.

**2. Same—Breach of Implied Warranty Not Waived by Acceptance.**

Where the law implies a warranty, the acceptance of the goods with knowledge of the defects will not bar an action for damages on account of a defect in quality.

**3. Appeal and Error—Review—Sufficiency of Evidence in Law Action Tried to Court.**

Where a law action is tried to the court without the intervention of a jury, the judgment of the court will be given the same weight and force as a verdict of the jury, and if there is any competent evidence reasonably tending to support the judgment, the Supreme Court will not disturb the same on appeal.

(Syllabus by Ruth, C.)

Commissioners' Opinion, Division No. 3.

Error from Superior Court, Custer County; E. L. Mitchell, Judge.

Action by the Turner-Clinton Company against the Northern Implement & Produce Company, of Eaton, Colo., to recover the sum of $109.21, with garnishment of the Oklahoma National Bank, of Clinton. Judgment for plaintiff, and defendant appeals. Affirmed.

Phillips & Mills, for plaintiff in error.

Meacham & Meacham, for defendants in error.

Opinion by RUTH, C. Parties hereto will be designated as plaintiff and defendant, as they appeared in the trial court.

The plaintiff, through a brokerage house in Oklahoma City, purchased from the defendant of Eaton, Colo., a carload of potatoes for the sum of $232.23, plus freight charges. The potatoes were shipped, and draft with bill of lading attached was forwarded to the Oklahoma State National Bank of Clinton. Plaintiff paid the draft, and upon inspection it was found that the potatoes had been frozen, and a large quantity was rotten and worthless. Plaintiff communicated with the brokerage house, who told plaintiff to go ahead with the good potatoes; that defendants were good people, and they would stand behind him. Plaintiff segregated the frozen potatoes and "hauled them to the dump," and brought action in a justice of the peace court to recover the sum of $109.21 paid for the rotten potatoes, and garnished the money of defendants in the Clinton Bank. Judgment was rendered in

favor of plaintiff, and the garnishment sustained. Defendant appealed to the superior court of Custer county, a jury was waived, and the cause tried to the court, and judgment rendered for plaintiff for the sum claimed, and sustaining the garnishment, and defendant appeals, and assigns as error, entitling it to reversal, that: (1) The court erred in overruling its motion for a new trial. (2) The judgment is not supported by sufficient evidence. (3) The judgment is contrary to law.

At the trial, W. S. Metheny, of the plaintiff company, testified as to the transaction through the brokerage house, and of the communication with reference to the frozen potatoes, and during his examination his counsel said: "There is no dispute about the amount of the frozen potatoes," and counsel for defendant replied, "No dispute as to that." So the amount of the frozen potatoes is not before us, nor is it controverted that the sum of $109.21 represented the amount paid for the frozen potatoes, and it is not controverted that the frozen potatoes were worthless and hauled to the "dump," and were of no value to plaintiff. The only evidence introduced by defendant was the deposition of William H. Ross, president of defendant company, who deposed that the brokerage house in Oklahoma City simply sold potatoes for them for a commission of $12.50 per carload, and the brokerage house had no authority to settle any claims for damages, and the Clinton Bank had no authority to deduct $109.21 and forward them the balance of $123.81. This is the sum and substance of defendant's testimony, as set out in the defendant's brief. Defendant contends that the words "inspection allowed," which appeared on the invoice, required the plaintiff to inspect the potatoes and accept or reject them before paying for the same.

These potatoes were shipped about the last of December, or the first of January, 1924, and approximately half of them were frozen, rotten, and worthless when delivered to plaintiff at Clinton, and it would appear, as there is no controversy as to amount of the frozen potatoes, that the plaintiff acted in the utmost good faith in salvaging such as it could, before the frozen potatoes destroyed the entire carload, otherwise the defendant would not have realized anything on its shipment.

In Wood & Co. v. Val Blatz Brewing Co., 112 Okla. 119, 240 Pac. 115, the action was for the value of 200 one-half barrels of "Barma"; that all but 29 bbls. had spoiled, and this was not discovered until Wood &

Co. had sold a portion of the same. On appeal this court said in the 4th and 5th paragraphs of the syllabus:

"4. In the absence of contract which negatives the same. there is an implied warranty in the sale of goods, wares, and merchandise, drinks sold for human consumption as a beverage, that it is reasonably fit for the purpose for which it is ordinarily sold, or that it is fit for the special purpose intended by the buyer.

"5. Where. the law implies a warranty, the acceptance of the goods with knowledge of the defects will not bar an action for damages on account of a defect in quality."

We are of opinion the evidence fully sustains the judgment. and where a law action is tried to the court without the intervention of a jury, the judgment of the court will be given the same weight, force, and effect as a verdict of a jury, and if there is any competent evidence reasonably tending to sustain the judgment, the same will not be reversed on appeal. Lookabaugh v. Bowmaker, 21 Okla. 489, 96 Pac. 651; Smith v. Maud Oil & Gas Co. 100 Okla. 235, 229 Pac. 190; Pioneer Mtg. Co. v. Ragsdale. 107 Okla. 82, 230 Pac. 259; Hobbs v. McGhee, 100 Okla. 210, 229 Pac. 240; Robinson v. Thompson, 108 Okla. 160, 236 Pac. 395; Baker v. Jack, 112 Okla. 142, 241 Pac. 478.

The judgment of the trial court is therefore affirmed.

By the Court: It is so ordered.

Note.—See under (1) 35 Cyc. p. 407; anno. 22 L. R. A. 195: 15 L. R. A. (N. S.) 884; L. R. A. 1917F, 472; 5 A. L. R. 248; 24 R. C. L. p. 195; 3 R. C. L. Supp. p. 1365; 4 R. C. L. Supp. p. 1531; 5 R. C. L. Supp. p. 1276. (2) 35 Cyc. p. 431; 23 R. C. L. p. 1442; 4 R. C. L. Supp. p. 1525. (3) 4 C. J. pp. 876, 879 § 2853.