[Civil No. 2737. Filed October 15, 1928.]

[271 Pac. 30.]

R. A. FOSTER and LAURA F. FOSTER, His Wife, Appellants, v. GERTRUDE BAUMAN, Appellee.

Mr. H. A. Wardenburg and Mr. Hess Seaman, for Appellants.

Mr. L. J. Cox (Messrs. Baker & Whitney, of Counsel), for Appellee.

ROSS, C. J.—This is an action by appellee Bauman, vendor, to declare a forfeiture of a contract of sale of a house and lot for failure on the part of the appellants Foster, vendees, to make partial payments in accordance with the terms of such contract. From a judgment in favor of plaintiff, the defendants have appealed.

Whether the court properly construed the contract is the only question raised.

By the contract, dated February 24, 1927, the plaintiff sold the premises to defendants for a consideration of $6,000, to be paid $1,000 cash, $3,000 by the assumption of a mortgage for that amount on the premises in favor of T. Bone, and the balance at the rate of $45, or more, on the 24th of each and every month thereafter until fully paid, including interest at eight per cent.

The $1,000 and the monthly installments for March, April, May, June and July were paid. The installments for August, September and October 24th were not paid, nor was the overdue interest of $120 on the Bone mortgage paid by defendants. The contract contained the usual time essence clause and provided that the vendor might elect to declare a forfeiture by giving the vendees ten days' notice of such election; and, in pursuance thereof, the vendor gave the notice and made the election as of October 29, 1927.

At the time the contract was made, the law of the state, which under well-settled principles became a part thereof, was as follows:

"That it shall be unlawful to enforce a forfeiture of the interest of the purchaser in default under a contract for the conveyance of real estate in this state until and after the expiration, after such default, of the periods hereinafter provided for, and it shall be lawful so to do when such default has continued for said periods, viz.:

"In cases where the purchaser has paid less than twenty per cent, of the purchase price, thirty days.

"In cases where the purchaser has paid twenty per cent., or more, but less than thirty per cent. of the purchase price, sixty days.

"In cases where the purchaser has paid thirty per cent., or more but less than fifty per cent. of the purchase price, one hundred and twenty days.

"In cases where the purchaser has paid fifty per cent., or more, of the purchase price, nine months." Laws 1921, chap. 128, § 1.

By this law the time fixed in the contract when a forfeiture could be declared was extended 30 days, if the purchaser had paid less than twenty per cent; 60 days, if he had paid twenty per cent or more but less than thirty per cent; 120 days, if he had paid thirty per cent or more but less than fifty per cent; and nine months, if he had paid fifty per cent or more of the purchase price.

Three monthly defaults had been made, the first 90 days prior to the election of plaintiff declaring the contract at an end.

It is the contention of defendants that they have paid on the purchase price $4,225, segregated as follows: $1,000 cash, five monthly installments of $45 each, and $3,000 by assuming to pay the T. Bone mortgage. If this contention is right, defendants had paid more than fifty per cent of the purchase price at the time plaintiff elected to forfeit the contract, and were entitled to comply with the terms of

the contract at any time within nine months from the first default (August 24, 1927), and this proceeding was prematurely instituted.

It is the contention of the plaintiff that the mere assumption of the T. Bone mortgage was not payment to either the mortgagee or the mortgagor (vendor); that the promise to pay the mortgage did not relieve the mortgagor from the debt nor pay the mortgage, which unquestionably is the law. The fact that such assumption to pay the mortgage constituted the purchaser, under the decisions (*Holmes* v. *Bennett*, 14 Ariz. 298, 127 Pac. 753; *Johns* v. *Wilson*, 180 U. S. 440, 45 L. Ed. 613, 21 Sup. Ct. Rep. 445), the principal debtor of the mortgagee, does not, in our opinion, change the situation, because the fact remains that no payment by reason thereof has been effected, reducing in the least the unpaid purchase price.

The evident intent of the law was to protect purchasers on the partial payment plan from harsh and inequitable forfeitures heretofore so prevalent, but we think such protection was intended for those purchasers who have parted with money, or its equivalent, to the immediate benefit or enrichment of the seller. In other words, the purchase price must be reduced, in the proportions named in the statute, by actual payments to the seller, or for his benefit, and not by promises which may or may not be kept and performed. Sales under the partial payment plan generally, if not universally, let the purchaser into immediate possession of premises, and, if the contention of defendants be adopted, the protection intended for the purchaser can be used to deprive the seller of the right of possession and use of his property beyond all reason, with little or no return therefor. For example, where the purchase price is $6,000, to be paid $3,000 by assumption of a mortgage against the property, and the balance in monthly

payments of $50 each, beginning on date of contract, if the agreement to pay the mortgage is payment, then the purchaser would be entitled to remain in possession of premises for nine months without making a single monthly payment. The benevolent intention of the law is to protect the purchaser, who under the partial payment plan often is unable to protect himself, and not to give him an undue and unreasonable advantage of the seller.

The construction of the contract as contended for by defendants is not in our opinion supported by reason nor by law.

Judgment affirmed.

LOCKWOOD and McALISTER, JJ., concur.