**BOYD**

v.

**CITY STATE BANK, WELLINGTON, TEX.**

No. 4727.

United States Court of Appeals Tenth Circuit.

Feb. 3, 1954.

Ross Cox, Hollis, Okl., and Robinson & Oden, Altus, Okl., for appellant.

L. B. Yates, Altus, Okl., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

City State Bank, Wellington, Texas [1] is a banking corporation organized under the laws of Texas. H. C. Boyd is a citizen of Oklahoma.

On February 19, 1952, H. C. Boyd made his check for $29,000 payable to J. T. Boyd, drawn upon the First State Bank and Trust Company of Hollis, Oklahoma.[2] J. T. Boyd endorsed the check and deposited it in the City Bank on February 20, 1952. The City Bank took the check in the regular course of business, gave J. T. Boyd immediate credit therefor and paid out on the strength thereof, by honoring checks drawn on it by J. T. Boyd, the sum of $28,716.89, leaving a credit balance of $283.11, which was exhausted by February 23, 1952. The City Bank had no notice of any defense that H. C. Boyd may have had against the payee of such check, J. T. Boyd.

The City Bank in due course forwarded the check through regular channels to the Hollis Bank. The Hollis Bank refused payment of the check and thereafter H. C. Boyd closed out his entire account with the Hollis Bank. The City Bank made demand upon H. C. Boyd for payment of the check and such demand was refused. The City Bank made demand upon J. T. Boyd for payment of the check and that demand was refused. However, a credit balance of J. T. Boyd in the City Bank was credited to the check, leaving a balance due thereon of $27,999.94. The City Bank knew that H. C. Boyd was probably an accommodation maker of such check.

The City Bank brought this action against H. C. Boyd to recover the balance due on such check of $27,999.94.

J. T. Boyd is a citizen of Texas.

H. C. Boyd moved to dismiss the action on the ground that J. T. Boyd was an indispensable party and therefore the requisite diversity of citizenship did not exist.

The trial court overruled the motion.

At the close of the evidence the trial court directed a verdict in favor of the City Bank. Judgment was entered thereon and H. C. Boyd has appealed.

12 Okl.St.Ann. § 234 provides:

"Persons severally liable upon the same obligation or instrument, in-

1. Hereinafter referred to as the City Bank.

2. Hereinafter referred to as the Hollis Bank.

cluding the parties to bills of exchange and promissory notes, and indorsers and guarantors, may all or any of them be included in the same action, at the option of the plaintiff."

■ Under the plain terms of this statute the City Bank could maintain an action against H. C. Boyd as maker of the check without joining J. T. Boyd, the endorser thereof. The Supreme Court of Oklahoma has so held.[3]

■ It follows that J. T. Boyd was not an indispensable party-defendant and that the requisite diversity of citizenship was present.[4]

48 Okl.St.Ann. § 76 provides:

"An accommodation party is one who has signed the instrument as maker, drawer, acceptor, or indorser, without receiving value therefor, and for the purpose of lending his name to some other person. Such a person is liable on the instrument to a holder for value, notwithstanding such holder at the time of taking the instrument knew him to be only an accommodation party."

■ In Milburn v. Miners' & Citizens' Bank, 101 Okl. 281, 226 P. 42, the court held that under § 76, supra, an accommodation endorser of a promissory note is liable to a holder for value, notwithstanding such a holder at the time of taking the instrument knew him to be an accommodation party and that such accommodation party cannot set up lack of consideration to him as a defense in an action brought against him by such holder for value.[5]

We conclude that there was no issue of fact for submission to the jury and that the judgment should be affirmed.

---

**3.** See Horne v. Oklahoma State Bank of Atoka, 42 Okl. 37, 139 P. 992; Smith v. First National Bank of Eldorado, Arkansas, 169 Okl. 90, 36 P.2d 27, 31; Methvin v. American Savings & Loan Ass'n of Anadarko, Okl., 194 Okl. 288, 151 P.2d 370, 376; 10 C.J.S., Bills and Notes, § 557(b), page 1182.

---

**4.** Seeley v. Cornell, 5 Cir., 74 F.2d 353, 355; Wells v. Universal Pictures Co., 2 Cir., 166 F.2d 690, 693; 35 C.J.S., Federal Courts, § 60, page 885.

**5.** See also, Douthat v. Bank of Quapaw, 96 Okl. 289, 222 P. 547; Lawrence v. Perlstein, 102 Okl. 58, 226 P. 63.