Gordon v. Bodwell.

HENTON GORDON v. S. M. BODWELL *et al.*

1. JUDGMENT OF FORECLOSURE—*Restraining Sale.* A sale of land under a judgment of foreclosure and an order of sale cannot be enjoined on the assumption that the sheriff and district court will subsequently misinterpret the law applicable to the sale, or violate its provisions in the steps to be taken after the sale.

2. VALID JUDGMENT—*Sale, not Enjoined.* The fact that the district judge did not sign the record of the judgment does not destroy the validity of the judgment, nor justify the enjoining of a sale in pursuance of the same.

*Error from Wyandotte District Court.*

ACTION for an injunction by *Gordon* against *Bodwell* and others. Judgment for defendants. Plaintiff brings the case here. The opinion states the facts.

*Mills, Smith & Hobbs,* for plaintiff in error.

*Miller & Morris,* for defendants in error.

The opinion of the court was delivered by

JOHNSTON, J.: On January 9, 1894, a judgment was rendered by the district court of Wyandotte county against several defendants, among whom were Henton Gordon and his wife, Sally E. Gordon. It was adjudged and decreed that a certain mortgage should be foreclosed, and that the mortgaged real estate should be sold without appraisement in the manner provided by law, and further that the defendants and each of them should be barred and foreclosed of all liens, title, interest or equity of redemption in or upon the real estate to be sold. In the entry of judgment the name of Sally E. Gordon was erroneously included as one of the defendants against whom personal judgment was rendered, but in March, 1894, the error was corrected by striking out her name. On July 10, 1894,

an order of sale was issued upon the foreclosure judgment, under which the sheriff was proceeding to advertise and sell the real estate, when Henton Gordon brought this proceeding to enjoin the sheriff from making the sale. A temporary injunction was granted by the probate judge, and upon motion of the defendants the injunction was dissolved by the order of the district judge, to which ruling the plaintiff excepted.

The plaintiff claims that under the redemption laws now in force he is entitled to 18 months after the sale to redeem his property, and he seeks to raise the question whether chapter 109 of the Laws of 1893, providing for 18 months' redemption, applies to mortgages executed before the passage of that act. That question was not before the court and could not be raised before a sale had occurred. The judgment appears to be regular in form, and no proceeding in error has been brought to review the same. More than six months had elapsed from the rendition of the judgment before the order of sale was issued, and the correction of the clerical error by striking out the name of Sally E. Gordon did not affect the judgment of foreclosure nor lengthen the time for the stay of sale on account of the waiver of appraisement. In any view of the law the order of sale was duly issued, and it was the duty of the sheriff to make the sale regardless of what statute should be deemed applicable and controlling in the steps to be taken subsequent to the sale. Whether the sheriff after the sale would execute a deed or issue a certificate, as provided in the redemption laws of 1893, was a matter to be determined after the sale had been made and the report thereof made to the court. The plaintiff has no right to assume that the sheriff or district court will misinterpret the law or violate its provisions. The presumption rather is that the

officers will perform the duties devolving upon them and in the manner required by law.

The final objection to the sale is that the judge did not sign the record of the judgment, and therefore no order of sale could issue thereunder. The omission to observe the directory provision of the statute in regard to the signing of the record did not destroy the validity of the judgment nor justify the enjoining of the sale. Judgment affirmed.

All the Justices concurring.