## Willis, et al. v. Mason, et al.

(Decided September 29, 1910.)

### Appeal from Daviess Circuit Court.

1. Lunatics—Voidable Contracts.—The contract of a lunatic is not void, it is only voidable.

2. Lunatics—Judicial Sale of Land—Joint Owners—Validity of Proceedings.—Cattie Willis was adjudged a lunatic, and E. B. Mason was appointed as her committee. An action was brought by her to sell a city lot jointly owned by her and her sister Lula, and for a division of the proceeds in which action Lula joined, the lot being indivisible. The sale was made, by the master commissioner, Lula became the purchaser, and paid the money into the court and received the deed. Held, that the judgment and proceedings were binding on the lunatic, the commonwealth having been made a party to the suit.

ELI H. BROWN, BROWN & NUCKOLS, for appellant.

LA VEGA CLEMENTS for appellee.

OPINION OF THE COURT BY JUDGE HOBSON.

Robert Willis died in the year 1905, owning a house and lot in Owensboro, and some personal property including $1,250 in bank. He left as his sole heirs at law, two daughters, Lula Willis and Cattie Willis. About a year after the father's death Cattie Willis filed suit in the Daviess Circuit Court against her sister, Lula Willis, in which she alleged that they each owned one-half interest in the land; that it was indivisible, and that her sister was in possession and collecting the rents. She asked a sale of the property for division. Lula Willis filed an answer in which she also alleged that the property was not susceptible of division, and prayed that it be sold and the proceeds divided. She alleged that her sister on account of mental infirmity and a diseased and deranged mind was not capable of transacting any business or handling the estate that belonged to her; that the money the defendant had advanced to her she had squandered, and that she would waste the money coming to her from the sale; that she had no capacity of mind sufficient to enable her to make a contract or be responsible therefor, and the court should appoint a committee to take charge of whatever sum was coming to her, so that her rights might be protected. After the answer was filed, the court ordered the property sold. The sale was made and Lula Willis bought the property for something over $1,900.00. In the meantime an inquisition of lunacy had been held by which Cattie Willis was found a person of unsound mind, and Elliott B. Mason was appointed her committee. He was made a party to the action as her committee, and the court directed him to collect the purchase money bond that had been made payable to his ward. After he had collected the money, Lula Willis brought an action by which she set up the proceedings in the original case, charging that her sister was a lunatic, and prayed that the sale be set aside, her purchase money bonds quashed, and the money that she had paid returned to her. The court consolidated this suit with the original action. He set aside the order directing the committee to collect the purchase money bond made payable to his ward, and directed the committee to pay the money into court. The committee thereupon executed bond as provided in Section 497 of the Code. The court then made an order directing him to collect the purchase money due his ward; confirmed the sale and ordered a deed made to the purchaser, which was done; and from this judgment she appeals.

On the facts shown, Lula Willis has undoubtedly a good title to the property that she bought under the judgment appealed from. The property was a town lot which prima facie could not be divided between the two owners. Both parties asked a sale, and after the sale had been made, the committee of the lunatic collected the purchase money due his ward, insisting upon the court carrying out the sale which had heretofore been made. The contract of a lunatic is not void; it is only voidable. If anything had been done to the prejudice of the lunatic in the first case, the court, upon her lunacy being shown, might have corrected it, but there being nothing in the record to the prejudice of the lunatic, no reason was shown why the court should open the judgment; and when the court, with all the facts before him, adjudged that the sale should stand, and directed the purchase money collected and the deed made to the purchaser, her title is as good as it would be if her sister had been of sound mind, or the committee had been a party to the suit from the beginning.

While the suit above referred to was pending, Cattie Willis brought another suit against her sister by which she set up that her sister was the administrator of her father's estate, and asked that her accounts be settled, and that her part of the estate be paid over to her. This case also proceeded to a final settlement, which was made after the inquest of lunacy, and her part of the estate was paid to the committee. Lula Willis, after all this had been done, brought an action to set aside this also upon the ground that her sister was a lunatic at the time the suit was brought. But the settlement having been made after the qualification of the committee in a suit managed by him, and the money having been paid over to him, the lunatic is as fully bound by that judgment as she would be if of sound mind. After the inquest was held the appointment of the committee was set up and an order was entered substituting the committee as party plaintiff in the action. If there had been anything wrong in the bringing of the action, the committee had the right to ratify the act of the lunatic and proceed with the action which she had brought. This he did, and the judgment is as fully binding on the lunatic as if the action had been brought by the committee after his appointment.

Judgment affirmed.