**SHUFELDT v. BANK OF MOUND CITY.**

No. 7280—Opinion Filed Oct. 31, 1916.

(160 Pac. 923.)

1. Judgment—Foreign Judgment—Action—Petition.

In a suit pending upon a foreign judgment, an allegation in the petition that such judg-

ment was rendered in the circuit court of the county of Holt, state of Missouri, which said court has, and had at said time, jurisdiction of the subject-matter and persons and parties, and to which petition a certified copy of said judgment is attached as an exhibit, states a good cause of action upon such foreign judgment, and a demurrer thereto was properly overruled.

2. Evidence—Foreign Judgment—Authentication.

The certified copy of the foreign judgment sued on held to be properly authenticated under the act of Congress (Rev. St. U. S. sec. 905 [U. S. Comp. St. 1913, sec. 1519]), relating to the authentication of records in judicial proceedings.

(Syllabus by Rummons, C.)

Error from District Court, Roger Mills County; Frank Mathews, Assigned Judge.

Action by the Bank of Mound City against George E. Shufeldt. Judgment for plaintiff, and defendant brings error. Affirmed.

Hendrix & Tracy, for plaintiff in error.

E. L. Mitchell and Frank Pitser, for defendant in error.

Opinion by RUMMONS, C. This is an action on a foreign judgment, commenced in the district court of Roger Mills county, by the defendant in error against the plaintiff in error. The parties will hereinafter be designated as they appeared in the court below. Defendant filed demurrer to the petition of plaintiff, which being overruled, he saved his exception, and, at the trial, objected to the introduction of any evidence by the plaintiff because the petition failed to state a cause of action. This objection was overruled, and exception saved to such ruling. At the conclusion of plaintiff's evidence, defendant demurred thereto; which demurrer having been overruled and exception having been saved to said ruling, the defendant elected to stand upon such demurrer. Judgment was rendered in favor of plaintiff, and defendant, having unsuccessfully moved for a new trial, brings this proceeding in error to reverse the judgment of the court below.

Counsel for defendant in their brief make several assignments of error, but the only assignments argued are the alleged error of the court in overruling the demurrer of defendant to the petition, and his objection to the introduction of evidence and error alleged because of the admission in evidence of the transcript of the foreign judgment.

We will first consider the sufficiency of the petition. It is alleged, in substance, that plaintiff, on the 3d day of November, 1913,

~y the consideration of the circuit court in and for the county of Holt, state of Missouri, in a cause therein pending, in which said Bank of Mound City was plaintiff and said George E. Shufeldt was defendant, at the regular October term, 1913, of said court, begun on the 4th Monday of October, 1913, which said court has and had at said time jurisdiction of the subject-matter and persons and parties, recovered a judgment against the said George E. Schufeldt for the sum of $5,695.33 debt, and $13.31 costs, which said judgment still remains in force and effect, and is in no wise reversed, annulled, or set aside, and that said judgment bore interest from date of its rendition at the rate of 6 per cent. per annum. A certified copy of said judgment is attached to said petition as an exhibit, and made a part thereof.

Counsel for defendant contend that the petition is defective in that it fails to allege that the court rendering judgment was a court of record and of general jurisdiction. We are unable to agree with this contention of the defendant, for the reason that the petition alleges that the Missouri court had jurisdiction of the subject-matter and of the persons and the parties to said action. The certified copy of the judgment attached to the petition as an exhibit shows that the circuit court of said county of Holt, state of Missouri, was a court of record.

"The rule of proof of records of courts to which the federal authentication acts apply differs from that in the case of nonjudicial records. As to court records, the authenticated transcript is itself sufficient proof of the laws of the sister state, showing the organization and jurisdiction of the courts, being unnecessary. * * * Where the record of the court of another state, the court having a clerk and seal, is duly authenticated as required by the act of Congress, it is not necessary to produce the Constitution and laws of the state from which the record comes, to show the creation and jurisdiction of the court." Wilcox v. Bergman, 5 L. R. A. (N. S.) Note, p. 980.

It being unnecessary to prove the laws of the state of Missouri, giving jurisdiction to the circuit court, it follows that there was no necessity to plead such laws, and we therefore conclude that the trial court committed no error in overruling the demurrer and objection to the introduction of evidence.

Counsel for defendant next contend that the certified copy of the purported judgment recovered by plaintiff in the circuit court of Holt county, state of Missouri, was improperly admitted in evidence. This transcript contains the petition, summons, with the return of the sheriff thereon, answer of the defendant, and the judgment of the court. It is contended in behalf of the defendant that the transcript does not show that the judgment was signed and filed in said circuit court. Counsel for defendant cites no authority in support of their contention that the judgment should have been signed by the trial judge and filed in the court. It has been held by this court that the entering of the judgment of the court by the clerk of the court upon the journals of the court constitutes a valid and sufficient judgment, even though no precedent for journal entry be signed by the judge and filed in the cause. Boynton v. Crockett, 12 Okla. 57, 69 Pac. 869. The certificate of the clerk shows that the judgment is of record in his office; and, in the absence of any evidence to the contrary, such certificate is sufficient to show that judgment was duly entered upon the records of said circuit court. The authenticated copy of the records of said circuit court of Holt county, state of Missouri, is substantially in compliance with the federal statute as to the authentication and judicial proceedings of the court of any state or territory. Section 905, Revised Stats. U. S. Comp. Stat. 1901, p. 677 (U. S. Comp. St. 1913, sec. 1519) provides:

"The records and judicial proceedings of the courts of any state or territory * * * shall be proved or admitted in any other court within the United States, by the attestation of the clerk, and the seal of the court annexed, if there be a seal, together with the certificate of the judge, chief justice, or presiding magistrate, that the said attestation is in due form. And the said records and judicial proceedings, so authenticated, shall have such faith and credit given to them in every court within the United States as they have by law or usage in the courts of the state from which they are taken."

The trial court committed no error in admitting this transcript in evidence.

Finding no error in the record, the judgment of the trial court should be affirmed.

By the Court: It is so ordered.