**BIRD et al. v. PALMER et al.**

No. 19979. Opinion Filed July 21, 1931.

Withdrawn, Corrected, Refiled and Rehearing Denied Oct. 13, 1931.

W. H. Ballard and T. H. Wren, for plaintiffs in error.

James C. Wright, Victor C. Mieher, R. Y. Stevenson, Massingale, Duff & Manatt, and Warren, Crutcher & Warren, for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Okfuskee county sustaining a demurrer of the defendant S. T. Palmer to the fourth amended petition of the plaintiffs, and dismissing the action. The parties appear in the same order in which they appeared in the trial court, and hereinafter will be referred to as plaintiffs and defendants.

The plaintiffs claim to be the owners of the land in controversy, and claim title thereto as the legal heirs of Willie Bird and Malinda Bird, deceased. The defendants claim title thereto through a guardian's deed from the guardian of Willie Bird and Malinda Bird.

The action was for possession, to quiet title, to cancel conveyances, for damages, and for equitable relief.

The plaintiffs contend that the appointment of a guardian for Willie Bird was void for the reason that he was over the age of 14 years at the time of the appointment; that no notice of the application for appointment was given to him; that he did not nominate the guardian, and that a fraud was committed upon the court by the withholding from the county court of the information that he was over the age of 14 years. They contend that the guardian's deed is void for the reason that there was no lawful guardian of Willie Bird, and that the sale of the land of Willie Bird and Malinda Bird in one proceeding was void, though there was a legal guardian for Malinda Bird. The attack on the probate proceedings is limited to the appointment of the guardian of Willie Bird. No question is pre-

sented as to the regularity of the other probate proceedings.

The plaintiffs' petition was amended from time to time, and, as amended, set forth their contentions, as hereinbefore stated. The defendant S. T. Palmer filed a demurrer to the plaintiffs' fourth amended petition, on the grounds, first, that the petition did not state facts sufficient to entitle the plaintiffs to recover in the action, and second, that the petition showed on its face that it was a collateral attack on a judgment of a court of record having general jurisdiction of the subject-matter and of the person and the power to render such judgment. The demurrer was sustained generally, and, the plaintiffs having elected to stand on their pleading, judgment was rendered in favor of the defendant S. T. Palmer, dismissing the plaintiffs' action as to him and decreeing that the plaintiffs take nothing thereby as to the defendant S. T. Palmer. From that judgment, an appeal was taken to this court.

There are many contentions herein made, but, under the view we take of the law, it is not necessary for us to consider all of them.

The county court is a court of record. Section 11, art. 7 of the Constitution. Under the provisions of section 6 of the Act of Congress of May 27, 1908, county courts of the state of Oklahoma have jurisdiction to appoint guardians over the persons and property of minor allottees of the Five Civilized Tribes without reference to the degree of Indian blood. The general probate statutes of the state of Oklahoma give to those courts such jurisdiction. It is not contended here that the county court of Okfuskee county was not the county court having jurisdiction, and that jurisdiction is apparent from the record. That court had jurisdiction of the subject-matter.

The question of whether or not the county court of Okfuskee county had jurisdiction of the person of Willie Bird and the question of whether or not that court had the power to render the particular judgment, that is, to appoint a guardian for Willie Bird, under the facts disclosed by the record, are so closely related that they will be discussed together. The fourth amended petition of the plaintiffs, to which the demurrer was sustained, discloses the following facts, to wit: That the plaintiff, Jim Bird, the father of Willie Bird and Malinda Bird, minors, filed his petition in the county court of Okfuskee county in which he asked for the appointment by that court of W. W. Jimboy as guardian of the persons and estate of the two minors; that he therein stated that he was the father of the two minors; that their mother was dead, and that the minors were in his custody; that the county court of Okfuskee county made an order in that proceeding in which it found that the minors were under 14 years of age and residents of Okfuskee county, and in which it set a day for the hearing of the petition for the appointment of a guardian; that notice of the hearing of the petition for the appointment of a guardian was given and the hearing had, and that the county court of Okfuskee county, at that hearing, made its finding and order, as follows, to wit:

"* * * Notice of the hearing has been duly and legally given and served as required by law and by the order of this court by posting notices of said hearing in three of the most public places in Okfuskee county, state of Oklahoma, for at least ten days prior to this date, and prior to the date of this hearing, and said petitioner appearing in person and by attorney, and the court, having heard the evidence offered in said cause, and being fully advised in the premises, it is ordered that W. W. Jimboy of Okfuskee county, Okla., be and is hereby appointed guardian of the persons and estates of the above-named minors, Willie Bird and Malinda Bird. * * *"

In Hathaway v. Hoffman, 53 Okla. 72, 153 Pac. 184, this court held:

"The appointment of a guardian for minors by a county court imports jurisdiction in the court so to do, and it will be inferred from the fact that such an appointment was made that all the facts necessary to vest the court with jurisdiction to make the appointment had been found to exist before the same was made."

That ruling was followed in the case of Powers v. Brown, 122 Okla. 40, 252 Pac. 27, wherein this court said:

"The records of the county court being silent as to notice to the minor over 14 years of age, and silent as to said minor's nomination of her guardian, or an actual waiver of that right, it is to be presumed, in aid of the jurisdiction to make the appointment, that the court before making the appointment found the fact of a nomination by said minor or a waiver of that right in person."

This court therein quoted with approval from the case of Greer v. McNeil, 11 Okla. 519, 69 Pac. 891, and concluded:

"We, therefore, hold that the proceedings in the Latimer county court are not void upon their face as contended."

In Manuel v. Kidd, 126 Okla. 71, 258 Pac. 732, this court held:

"County courts of this state are courts of record and have original general jurisdiction in probate matters. The orders and judgments of such courts when acting within their jurisdiction are entitled to the same favorable presumption and the same immunity from collateral attack as are accorded orders and judgments of courts of general jurisdiction. Unless the record affirmatively shows want of jurisdiction, and every fact not negatived by the record is presumed in support of the judgment of a court of general jurisdiction, and where the record of the court is silent upon the subject, it must be presumed in support of the proceedings that the court inquired into and found the existence of facts authorizing it to render the judgment which it did. Bowling v. Merry, 91 Okla. 176, 217 Pac. 404."

In Orth v. Hajek, 127 Okla. 59, 259 Pac. 854, this court held:

"A judgment of a court of general jurisdiction is not subject to attack, collaterally, unless the judgment is void upon its face. Lynch v. Collins, 106 Okla. 133, 233 Pac. 709."

While the plaintiffs stated in their amended petition that Willie Bird was 16 years of age, and that no notice of hearing of application for appointment of guardian was served on him, those allegations were in conflict with the record of the probate proceedings pleaded by them in their fourth amended petition, and their statement of those facts was a collateral attack upon the record in the probate proceedings pleaded by them.

By the provisions of section 1431, C. O. S. 1921, county courts are authorized to appoint guardians for the persons and estates, or either, or both of them, of minors who have no guardian legally appointed by will, or deed, and who are inhabitants or residents of the county, or who reside within the state and have estate within the county, when it appears necessary or convenient so to do.

Willie Bird had no guardian legally appointed by will or deed. He was an inhabitant and a resident of Okfuskee county and he had an estate within that county. The county court of Okfuskee county had jurisdiction to appoint a guardian for his person and estate. The county court found it necessary or convenient so to do and made the order of appointment.

By the provisions of section 1431, supra, such appointment might be made on a petition of a relative, and by the provisions of section 1441, C. O. S. 1921, the father was entitled to the guardianship, the mother being dead. The appointment was made on the petition of the father.

By the provisions of section 1431, supra, before the county court could make the appointment, the judge must cause such notice as he deems reasonable to be given to the relatives of the minor residing in the county and to any person having care of such minor. The petitioner for the appointment of the guardian was the father of the minor who had the care of such minor, and the mother of the minor was dead. There is no provision in the statutes of Oklahoma for the giving of notice of the application for the appointment of a minor to the minor for whom the appointment of a guardian is sought. The statutory provision for notice only requires notice to be given to the relatives of the minor residing in the county and to any person having the care of such minor.

By the provisions of section 1434, C. O. S. 1921, the county judge may nominate and appoint a guardian for a minor who is under the age of 14 years, and if the minor is above the age of 14 years he may nominate his own guardian, subject to the approval of the judge.

If Willie Bird was over the age of 14 years, he was entitled to notice of the hearing of the application for the appointment of a guardian that he might have an opportunity to nominate a guardian. Coker v. Moore, 121 Okla. 219, 249 Pac. 694. If he was under the age of 14 years, no notice to him was required. It was necessary, therefore, for the court to determine the age of Willie Bird in order that the court might know whether or not it was necessary that notice be given to Willie Bird of the application for appointment of a guardian before a guardian could be appointed. The county court, in the exercise of its jurisdiction preliminary to the giving of any notice, in the order for the hearing of the petition for the appointment of a guardian, found that Willie Bird was under the age of 14 years and directed that notice be given as the court deemed reasonable, by posting, as authorized by section 1431, supra.

Under the authorities cited, the order appointing the guardian of the person and estate of Willie Bird was not void on the face of the record and it cannot be collaterally attacked.

"A judgment is void on its face when its invalidity is affirmatively disclosed by an inspection of the judgment roll, but it is not void in the legal sense for the want of jurisdiction unless its invalidity appears on the face of the record. Edwards v. Smith, 42 Okla. 544, 142 Pac. 302." Pettis v. Johnston, 78 Okla. 277, 190 Pac. 681.

Since, in a collateral attack on the proceedings of a county court, the proceedings thereof are presumed to have been after a determination of all facts necessary to vest the county court with jurisdiction to proceed, this court must assume, as the trial court evidently assumed, that the county court of Okfuskee county, Okla., had jurisdiction not only of the subject-matter, but jurisdiction of the person and the power to appoint a guardian for Willie Bird at the time the appointment of the guardian was made, and the presumption arising from the record pleaded by plaintiffs in this action was not rebutted by the statement of plaintiffs that the jurisdictional facts did not exist.

It is contended that the allegation in the petition that Willie Bird was 16 years of age is conclusive as against a demurrer and that, since Willie Bird was 16 years of age, the order appointing the guardian without notice to Willie Bird was void for want of jurisdiction of the court. In support of that contention there is cited the case of Coker v. Moore, supra. We cannot agree with that contention. In the Coker Case the petition for the appointment of a guardian showed that the minor was 18 years of age. There was no finding in that cause that the minor was under the age of 14 years.

It is contended that the county court was charged with knowledge of the fact that Willie Bird was 16 years of age by reason of the enrollment records and pursuant to the Act of Congress of May 27, 1908. While that act provides that the enrollment records shall be conclusive evidence as to the age of a citizen, it nowhere provides that courts shall take judicial knowledge of the enrollment records, and it has always been the practice in this state that strict proof thereof be required. That act nowhere provides that enrollment records shall be conclusive. It only provides that enrollment records shall be conclusive evidence. We know of no rule of law that makes a judgment of a court void because the finding of the court as to the age of an Indian differs from that shown by the enrollment record.

The plaintiffs say, "Congress spoke as to what the county court could do. It said, 'Bird is 16 years of age. You have no right, county court, to say anything to the contrary. And if you attempt to say to the contrary, your act is void'." We do not agree

with those statements. Congress merely said that the enrollment records of the Commissioners of the Five Civilized Tribes shall hereafter be conclusive evidence as to the age of citizens and freedmen. It nowhere attempted to say that county courts should not have jurisdiction to determine questions of fact.

The allegation of fraud was:

"Plaintiffs further state that the appointment of W. W. Jimboy as such guardian of the minor Willie Bird was secured by the withholding of information from the county court that the said Willie Bird was over 14 years of age, to wit: Sixteen years of age, and that the withholding of such information constituted fraud upon the court."

Such is not a sufficient allegation of fraud.

The question of the sufficiency of the allegations and proof of fraud necessary to vitiate a judgment of a court of record was considered at length and what we consider to be the correct rule with reference thereto was announced by this court in Vacuum Oil Co. v. Brett, 150 Okla. 153, 300 Pac. 632. We do not consider it necessary to review the authorities therein cited. Under that rule the facts pleaded were not sufficient to constitute the basis of an attack upon the proceedings of the county court on the ground of fraud.

Since there was no sufficient allegation of fraud, the amended petition could not have been sustained as a direct attack on the ground of fraud.

We do not deem it necessary to point out the procedure necessary to be followed for the correction of errors, if any, in the proceedings in the county court. Suffice it to say that there was no error of the district court in sustaining the demurrer to the fourth amended petition of the plaintiffs.

The judgment of the district court of Okfuskee county is affirmed.

LESTER, C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. CLARK, V. C. J., absent. RILEY, J., dissents.