## SMITH v. FIRST NAT. BANK OF ELDORADO, ARK.

No. 23385.    Sept. 25, 1934.

Louis W. Pratt and James Harrington, for plaintiff in error.

Alvin Richards and Floyd A. Calvert, for defendant in error.

PER CURIAM.    This was a suit upon a

foreign judgment, resulting in a judgment upon the pleadings in favor of plaintiff bank. The petition alleged that on the 23rd day of January, 1929, by the consideration of the circuit court of Union county, 2nd division, of the state of Arkansas, in a cause therein pending, in which the said First National Bank of Eldorado was plaintiff and the said Victor H. Smith was defendant, at a regular term of said court at Eldorado, Ark., which said court had full jurisdiction of the subject-matter and persons of the parties, the plaintiff recovered a judgment against the said Victor H. Smith for the sum of $3,999.34, together with certain costs and interest, and that the judgment still remains in that court in full force and effect, in no wise reversed, annulled, satisfied or set aside, and that the judgment remains unpaid, and a copy of said judgment was attached to the petition as an exhibit and made a part thereof. The purported copy of judgment so attached did not bear the signature of the trial judge, nor signature of clerk or any filing mark, nor was it certified, or otherwise authenticated.

The copy of the judgment attached, after reciting appearances, set forth that on June 10, 1926, Tarrant & Miles, by F. W. Miles, made, executed, and delivered to plaintiff their certain promissory note of that date in the sum of $5,000, due September 10, 1926, with interest at 8 per cent. per annum from date, and that before the delivery of the note it had been duly indorsed by F. W. Miles, G. E. Black, H. W. McHenry, adm'r, and the defendant, Victor H. Smith, and that the makers and indorsers of said note had severally waived presentment for payment, notice of nonpayment, notice of protest and consented that the time of payment might be extended without notice thereof, and after reciting certain credits, ordered and adjudged recovery in favor of the bank against the defendant, Smith, in the sum first above mentioned, with interest and costs.

The defendant filed a general demurrer to the petition in the trial court, and upon the presentation of the demurrer the plaintiff asked permission of the court to attach to the petition a certified copy of the entire record made in the case in the circuit court of Union county, Ark., and the permission was granted and the demurrer overruled, to which action the defendant excepted.

The defendant answered in substance by a general denial, and pleaded that the judgment of the Arkansas court was never a valid, subsisting, binding judgment against him, but was fraudulently obtained. The defendant admitted that he signed the note sued on as an accommodation indorser, and that time of payment had been extended from time to time without his knowledge or consent, and that thereby he was released and discharged from liability. Further, that he had frequently requested that proceedings be had by the bank against the makers and prior indorsers who were at the time in funds and able to pay, and that such remedies were available to the holder, but were not pursued, and that defendant was thereby injured and damaged to the extent of the amount of his liability arising from his indorsement of the note, if it be held he was not discharged by the unauthorized extensions. He further admitted that he had been sued in the Arkansas court and set forth, in part, the answer he had filed in such suit, including a request that the court bring in all of the makers and indorsers of the note as parties, which was ruled as prayed, and he further alleged that the additional parties were brought in, and that each of them failed to answer, and alleged a conspiracy was formed and entered into by the bank and the other parties who were brought in, to avoid the efforts of the defendant Smith, to obtain a trial on the merits in that he was entitled to 20 days after answer to file reply and cross-petition, and that his attorney, believing that the other defendants would each answer, and thereafter he could cross-petition or reply, departed from the state, and, pursuant to the conspiracy, the judgment was by the court rendered in said cause against Smith alone, and the cause continued as to all the other defendants, none of whom had answered, and that the plaintiff was obliged, under such circumstances, to have taken a default personal judgment against each of the other defendants, fixing the liability of defendant as secondary only, in the event it should be held that he was not discharged by virtue of the unauthorized extensions of time of payment. He further asserted that by reason of such facts the Arkansas judgment was void; pleaded that he was unaware of its rendition for such period of time as prevented him from presenting the facts and matters involved to the court rendering the judgment, in an effort to obtain the vacation thereof, all of which he would have done, had he been apprised of the action of plaintiff and of the court in due time, and that he had lost his right to require plaintiff to pursue its remedy against the other defendants, or to protect himself as

a defendant secondarily liable. A demurrer to such answer was sustained and an amended answer was filed, which amplified the allegations of the original answer and specifically pleaded the filing of the suit in Arkansas, describing same with particularity and referring to the answer filed by him in such suit, and especially to that part demanding that the other parties be brought in and that the rule was made and entered as prayed requiring those primarily liable to be brought in as parties defendant, and that the makers of the note and all previous indorsers were served with summons which required them to answer on December 3, 1928, and "that according to a purported certified record of said proceedings filed herein by the attorneys for plaintiff, no answer was filed by either of said defendants to the merits of said action," and that the plaintiff and the other defendants entered into a plan and scheme to avoid the efforts of the defendant to obtain a trial on the merits and obtain relief over against those primarily liable, if he should be adjudged to be secondarily liable and not released, and that the plan was in effect that neither of the defendants would answer, but, notwithstanding their default, plaintiff would not take judgment against any of them, but would seek judgment against Smith alone, and that his attorney, anticipating the answers and awaiting same, before filing reply or cross-petition, left the state of Arkansas.

"That on the 23rd day of January, 1929, the purported judgment by default was by the court rendered in said cause against this defendant alone."

A general and special demurrer was filed to the amended answer and was overruled. Issue was joined by reply, which challenged the sufficiency of the amended answer as pleading a defense, and that the court was without jurisdiction to entertain the alleged defense, and that the amended answer was an attempt to collaterally attack a final judgment which remained in full force, coupled with a general denial. Thereafter a motion was filed by plaintiff for judgment on the pleadings, upon the grounds that the pleadings as a whole showed plaintiff to be entitled to judgment as prayed, and that the amended answer failed to state a defense to the plaintiff's cause of action, and that the defendant's answer was an attempt to collaterally attack a final judgment which remained in full force. This motion was sustained and judgment duly entered as prayed in the petition.

The appellant assigns as error the order of the court overruling his demurrer to the petition, and error in sustaining the motion of plaintiff for judgment on the pleadings.

"Judgments obtained in one state are, in another state, * * * only contract debts, * * * they do not have the force and effect of domestic judgments, except for the purposes of evidence. * * * Hence, the holder of a judgment, desiring to enforce it in another territory, must sue upon it in the latter jurisdiction as the evidence of debt, and recover a judgment of the latter territory, and as such it will be collected and enforced by the laws of the jurisdiction where last rendered." Needles v. Frost, 2 Okla. 19, 35 P. 574.

Our statutes make no special provisions as to the nature of pleadings in a suit on a foreign judgment, but section 233, Okla. Stat. 1931, provides the manner of pleading a judgment of a court or officer of special jurisdiction, in that it shall be sufficient to state that such judgment or determination was duly given or made.

Evidentiary rules under the full faith and credit clause of the Constitution of the United States in reference to judgments of another state, have been provided by both acts of Congress and by our own statutes, as section 905, U. S. Rev. Stat., and section 320, Okla. Stat. 1931.

Congress provided that the records and jurisdictional proceedings of a sister state could be proved and admitted in all courts within the United States by the attestation of the clerk, with his seal annexed, together with a certificate of the judge that the attestation is in due form, and the records so authenticated should have full faith and credit in every court of the United States to the same extent as that of the court from which taken. The Oklahoma statute also provides the method of authentication of judicial records for purposes of admission in evidence. If our statute requires more, it must give way to the controlling federal statute. Block v. Schafer, 62 Okla. 114, 162 P. 456.

Upon inspection of the petition we find that it alleges the pendency of a cause at a certain time in a court of general jurisdiction in a foreign state, and that such court at the time had full jurisdiction of both subject-matter, persons, and parties, and rendered a certain judgment, describing it, and that the judgment remains in full force and effect, having been neither reversed, annulled, satisfied, nor set aside, and that it remains unpaid. This would seem to comply with the general rule of pleading a foreign judgment. A perfect pleading would

attach a duly authenticated transcript of the judgment roll, and in this case the exhibit consisted of an unsigned, purported journal entry of judgment, showing no indorsements of filing or recording nor any certificate as to its authenticity. This brings us to the consideration of whether a suit on a foreign judgment is such action as is founded on a "written instrument as evidence of indebtedness," which by our laws requires a copy thereof to be attached and filed with the pleading. Section 230, Stat. 1931. It has been so held. Banking Co. v. Kitchen, 8 Kan. App. 445; Burnes v. Simpson, 9 Kan. 658.

In the case last cited the court held that neglect to attach and file such instrument should be taken advantage of by motion and could not be reached by demurrer. See, also, Milburn v. Miners & Citizens Bank, 101 Okla. 281, 226 P. 42-44. Accordingly, there has been no error in overruling the demurrer. But defendant complains that the demurrer was overruled conditionally, and that such condition required the plaintiff to attach to the petition a certified copy of the entire record made in the cause in Union county, Ark. The record indicates that the contention of appellant is correct in such regard, but we find no subsequent motion or challenge that such record or certified transcript was not attached and filed, and we cannot overlook that the defendant in his amended answer expressly refers to a purported certified record of said proceedings, filed in the cause by attorneys for plaintiff, from which he alleges that no answer was filed in the Arkansas court by either of his co-defendants, etc. Here we find an admission by the defendant that the order of the court was substantially complied with, and that in any event the attention of the trial court was never called to any nonobservance of the rule made. We find no merit in the first assignment of error.

The second assignment of error complains of the order of the court rendering judgment on the pleadings.

"A motion for judgment on the pleadings presents two questions to the court in the following order: (1) Is there any issue of material fact? And if no issue of material fact is presented by the pleadings (2), which party is entitled to the judgment?" Scott et al. v. Woods Lumber Co., 86 Okla. 185, 207 P. 449; Taylor et al. v. Campbell, 139 Okla. 110, 281 P. 243; Cardin Building Co. v. Smith, 125 Okla. 300, 258 P. 910.

"Where a petition states a cause of action and the answer fails to set up a legal defense, judgment on the pleadings for plaintiff may properly be rendered." Baker v. Gaines Bros. Co., 65 Okla. 192, 166 P. 159.

On the other hand, the rule has been simply stated that:

"Judgment on the pleadings being moved by the plaintiff, and the allegations of the answer being admitted as true, if the allegations of the answer constituted a defense, judgment should have in no event been rendered for the plaintiff below." Cardin Building Co. v. Smith, supra.

We will proceed to the consideration of whether the amended answer stated any defense. From what we have heretofore observed, the defendant by his pleadings admitted the rendition and entering of the judgment and no plea of payment was made. As to the extensions from time to time of which he complains, he sets forth the note which he admits he signed as an indorser, and by its provisions the makers and indorsers of the note severally waived presentment for payment, notice of nonpayment, and protest, and expressly consented that the time of payment might be extended without notice thereof. Therefore, if the note was extended as alleged, it was no defense to the suit.

As to the right of the holder to proceed against the defendant Smith alone, we find that by sections 6234 and 6235, Crawford & Moses' Digest of the Statutes of Arkansas, it is provided that judgment may be given for or against one or more of several defendants, and that the court, in an action against several defendants, may in its discretion render judgment against one or more of them, leaving the action to proceed against the others, wherever a several judgment is proper. By section 6237, it is provided, where all defendants have been summoned, judgment may be rendered against any of them severally, where the plaintiff would be entitled to judgment against said defendants if the action had been brought against them alone. By section 6229 it is provided that joint obligations have the same effect as joint and several obligations, and by section 1100, where two or more persons are jointly bound by contract, action may be brought against any or all of them; and by section 1099 the persons severally liable upon the same contract, including promissory notes, may all or any of them be included in the same action. Under the statutes of Oklahoma, the holder of a promissory note may, at his option, maintain an action against an indorser without joining the other indorsers as parties

defendant. Horne v. Okla. State Bank of Atoka, 42 Okla. 37, 139 P. 992.

Neither do we find the allegation that the indorser requested the owner and holder to proceed against others on the note, to state a defense. The note was given in June and payable in the following September of the year 1926. The defendant's answer shows that suit was not instituted until the 6th day of March, 1928, and the judgment was not rendered until the 23rd day of January, 1929. The note was a three months' note, and upon the nonpayment of the same at maturity, and upon notice of nonpayment and demand upon the defendant, even though he was an accommodation indorser, under the authorities quoted, his liability would become absolute, and he could be sued alone, without joining the makers or other indorsers. His remedy in protection of such liability was to pay his obligation and proceed against those primarily liable, or against those who were liable, for contribution. If he occupied the position of a surety in the matter, and claimed exoneration because of demand upon the holder to proceed by suit against the principal debtor and others liable, which demands were not complied with, to his subsequent injury, in that such delayed action permitted the others to become judgment proof, the allegations of the petition are wholly insufficient to set forth such defense because under sections 8287, 8288 of Crawford & Moses' Digest of Arkansas (quoted by plaintiff in error in his brief), it is provided that a cause of action must have accrued, and thereupon the surety, by notice in writing may require the person having the right of action to forthwith commence suit against the principal debtors or others liable, and if the suit be not commenced within 30 days after serving such written notice, and be proceeded in with diligence to judgment and execution, the surety shall be exonerated. No written notice was given nor is it suggested when any request was made, nor was compliance with the statute in any manner pleaded.

The remaining, and by far the greater, portion of the amended answer consists of charges of conspiracy to defraud the defendant of his rights and in obtaining the judgment by fraudulent means. We have heretofore suggested that almost a year expired between the filing of the Arkansas suit and the judgment rendered therein, and that the rule making additional parties defendant was ordered in November, 1928, and all of the new parties defendant were actually served with summons in November, and their time to answer would have expired December 3, 1928. It is also shown that none of these additional defendants answered except one, McHenry, administrator. But defendant asserts that he would have had 20 days after answer in which to file cross-petition or reply, and believing that answers would surely be filed, the defendant Smith's attorney left the state (but when he left and when he returned does not appear). The defendant knew that answers of the codefendants should be on file by December 3rd, and no steps were taken by plaintiff to take judgment until January 23, 1929 —51 days after such time limited to answer. His complaint in substance was that it was the legal duty of the plaintiff to take a personal judgment, under the circumstances, against each and all of the defendants, although he does charge that the plaintiff and his codefendants withheld and concealed from him the fact that a judgment had been taken, and that he was unaware of the rendition of the judgment at the time taken, and thereafter until time had passed within which he could vacate said judgment. No excuse is offered for failure to inspect the records or to file appropriate pleadings, and we are not aware of any duty upon the part of the plaintiff to give other and additional notice than that had by the defendant. It is not necessary in this cause to review the various decisions of what constitutes a direct attack and a collateral attack upon a judgment, and as to when and under what proceedings a court of equity will relieve one from a judgment obtained by fraud. As to such matters, see generally: McIntosh v. Holtgrave, 79 Okla. 63, 191 P. 739-742; Pettis v. Johnston, 78 Okla. 277, 190 P. 681. Griffin v. Culp, 68 Okla. 310, 174 P. 495; Bird et al. v. Palmer et al., 152 Okla. 3, 3 P. (2d) 890; Orth et al. v. Hajek, 127 Okla. 59, 259 P. 854.

The difficulty with which defendant is met is that his pleading does not set up facts constituting fraud to warrant vacating a final judgment. It must appear that the party was prevented from making timely presentation of a meritorious defense under circumstances designated in the statute. Boles et al. v. MacLaren, 152 Okla. 265, 4 P. (2d) 106.

We see nothing in the plea here that showed either a meritorious defense or, if any defense existed of merit, that circumstances have been shown which fraudulently prevented the timely filing and timely presentation of such defenses. A default judgment or decree is as conclusive as any other

judgment or decree. Hooper v. Wist, 138 Ark. 289, 211 S. W. 143.

The answer as a whole states no defense, and the court did not err in rendering judgment on the pleadings. As to the contention that the judgment was a nullity because the journal thereof was not signed by the judge, the following cases hold that the validity of a judgment does not depend upon the formal signature of the judge to a journal entry. See Chatfield v. Jarratt et al., 108 Ark. 523, 158 S. W. 147; Fernwood Mining Co. v. Pluna, 136 Ark. 107, 205 S. W. 822; Ashinger v. White, 106 Okla. 19, 232 P. 850; Gordon v. Bodwell, 55 Kan. 131, 39 P. 1044.

The identical question in connection with a suit on a foreign judgment was presented and decided in the case of Shufeldt v. Bank of Mounds City, 61 Okla. 194, 160 P. 923.

The judgment is affirmed.

The Supreme Court acknowledges the aid of attorneys J. H. Cline, Toby Morris, and Theodore Pruett in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Cline, and approved by Mr. Morris and Mr. Pruett, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion, as modified, was adopted.