No. 34,447

N. A. RENNER, *Appellant,* v. ROSE BLACK, P. C. AUSTIN, as Guardian of the Person and Estate of WILLIAM L. BLACK, an Insane Person; and the BOARD OF ADMINISTRATION OF THE STATE OF KANSAS (*Defendants*); WILLIAM L. BLACK, an Insane Person (now restored), *Appellee.*

(96 P. 2d 626)

Opinion
filed December 9, 1939.

*A. Teeple* and *Geo. E. Teeple,* both of Mankato, for the appellant.

*Manford Holly,* of Mankato, and *Ralph H. Noah,* of Beloit, for the appellee.

The opinion of the court was delivered by

DAWSON, C. J.: This is an appeal from a judgment overruling a demurrer to a petition to set aside a judgment.

A short chronicle of the pertinent facts is as follows: On May 7, 1928, William L. Black and Rose Black, his wife, borrowed $3,000 from N. A. Renner, and executed to him a mortgage on a quarter section of land to secure the repayment thereof in three years, with 4 percent annual interest until maturity, and 10 percent annual interest thereafter.

On August 7, 1928, William L. Black was adjudged insane and committed to the Topeka State Hospital for care and treatment, and so remained in that institution for several years.

On or before May 7, 1932, the sum of $2,500 had been paid on the principal indebtedness owing from the Blacks to Renner; also, all the interest due at that date.

On April 3, 1935, the State Board of Administration filed in the probate court a proof of demand for $1,601.43 against the estate of William L. Black—presumably under G. S. 1935, 39-232.

On December 17, 1936, Renner brought an action to recover the alleged balance due on the Blacks' indebtedness, to wit, $500 and accrued interest, and several years' taxes which defendants had suffered to become delinquent and which plaintiff had paid. He prayed judgment and for the foreclosure of the mortgage he held as security.

Personal service of summons was made on William L. Black as

the statute required; likewise upon his guardian, P. C. Austin; and also upon Manford Holly, an attorney whom the court appointed as Black's guardian *ad litem*. On March 15, 1937, the latter filed an answer in Black's behalf traversing every issue tendered in plaintiff's petition.

On March 17, 1937, judgment was entered in favor of plaintiff for $1,440.81 with interest thereon at 10 percent from the date of the judgment, and decreeing foreclosure and sale of the land mortgaged to secure the indebtedness. The judgment contained all the requisite recitals, showing jurisdiction, service and appearances, pleadings, and the introduction of evidence.

An order of sale was issued on March 31, 1937, and pursuant thereto the sheriff sold the property on May 4, 1937, to N. A. Renner, judgment creditor, for $1,601.81. The sheriff's return was made the same day.

On June 7, 1937, the sale was confirmed. The journal entry thereof recites that the court examined the order of sale, the publication notice and proof of publication, and the sheriff's return, and adjudged the proceedings to be regular and in conformity with law and equity. A certificate of purchase was ordered to be issued to Renner, and eighteen months from date of sale, May 4, 1937, was fixed as the period of redemption, and providing that if redemption was not made within that time (which would be on or before November 4, 1938) the usual sheriff's deed should issue and the grantee should be put in possession.

On June 4, 1937, William L. Black was granted a parole from the Topeka State Hospital. On July 22, 1938, he was restored to all his rights as a citizen, and on August 22, 1938, he was discharged from the hospital as "restored while on parole."

On December 2, 1938, which was *twenty-eight days after the redemption period had expired*, William L. Black filed in the cause concluded as above stated a petition to set aside the judgment entered in favor of Renner on March 17, 1937, pursuant to which the mortgaged property had been sold, and as to which the redemption period had expired.

He alleged that his confinement in the state hospital had prevented him from making a defense to the action; that he was discharged from the hospital as restored on August 22, 1937; that the judgment had been entered—

". . . by and through misstatements and misrepresentations made by the plaintiff and the defendant, Rose M. Black, at the hearing and trial of said

cause, said parties referred to being in collusion thereon; that except for the unavoidable casualty, as hereinbefore referred to and set out, preventing this applicant from defending said suit so instituted, said judgment and decree so entered would not have been obtained."

He further alleged that after the reduction of the $3,000 indebtedness to $500—

" . . . Thereafter, the exact date of which is to this applicant unknown, but long prior to the date of the filing of the petition of plaintiff herein, said sum of $500 and all accrued interest thereon was duly canceled by plaintiff as paid; . . . that plaintiff orally stated and admitted, the exact date of said admission being unknown, that said indebtedness had been canceled as paid, said statement and admission having been made to applicant at the state hospital. . . . This defendant is informed and verily believes that said last-mentioned credit of $500 was allowed and the obligation owing fully canceled prior to the time of the payment by plaintiff of taxes for the years 1930, 1931, 1932, 1933, 1934, and 1935 as alleged, and that said real-estate mortgage sued upon should have been discharged of record prior to the time of the payment of any taxes as alleged."

Elsewhere in his petition defendant alleged:

"Applicant further states that shortly prior to the time of the expiration of the eighteen months heretofore referred to, an agreement was entered into by and between plaintiff and this applicant for an extension of the redemption period as herein ordered; that said agreement was and is of no force and effect, the same being an agreement growing out of illegal orders of the court made and entered, and that the same in no way affects the rights of this party in connection with this proceeding; that at the time said agreement was entered into, this applicant did not have full information concerning the facts herein set forth or full information concerning the probability of corroborative proof thereof."

The petition concluded with a prayer for an order vacating the judgment and decree of foreclosure and to set at naught all the subsequent proceedings and to cancel and set aside the sheriff's deed executed pursuant thereto.

The plaintiff Renner interposed a demurrer to this petition on two grounds—its failure to state a cause of action, and that the court had no jurisdiction to hear and determine its subject matter.

This demurrer was overruled and the matter is brought here for review.

The first question of law which arises in the circumstances just stated is whether the lunacy of a defendant alters in any way the binding force of a judgment against him when the requisite procedural formalities have been complied with—personal service on the lunatic and his guardian—and when a guardian *ad litem* has been appointed to represent him.

This question necessarily requires a negative answer. Otherwise, what would it avail a litigant to prosecute or defend an action against a lunatic? The statute which prescribes how jurisdiction of a lunatic may be obtained was strictly complied with in this case. So, too, its provision for a guardian *ad litem* to represent him in the litigation was likewise followed. (G. S. 1935, 60-408.) In such circumstances a judgment against an insane person is as valid as that against an ordinary litigant, and can only be successfully assailed in the manner and on the grounds provided by the civil code. (*Weedman v. Fowler,* 84 Kan. 75, 113 Pac. 390; *Cooper v. Greenleaf,* 84 Kan. 499, 503-504, 114 Pac. 1086; 35 L. R. A., n. s., 1090 and note; *Sterling v. Goulden,* syl. ¶ 1, 136 Kan. 18, 12 P. 2d 812; *Foster v. Jones,* 23 Ga. 168; *Cain v. Milburn,* 192 Iowa 705, 185 N. W. 478; *Willis v. Mason,* 140 Ky. 88, 130 S. W. 964; *Livingston v. Livingston,* 67 N. Y. S. 789.) In 1 Freeman on Judgments, 5th ed., § 405, it is said:

"Judgments against them [lunatics] . . . are neither void nor voidable . . . if not void on their face, are as impervious to collateral attack as judgments against sane persons. In a suit against a lunatic, the judgment is properly entered against him, . . . A lunatic has capacity to appear in court by attorney. . . . But a judgment against a lunatic is conclusive upon him and those in privity with him as to all matters adjudicated." (pp. 882, 883.)

See, also, Buswell on Insanity, § 124.

Looking into the allegations of the petition to set aside the judgment, it will be noted that the petitioner alleged that it had been obtained through "misstatements and misrepresentations" made by plaintiff and the petitioner's wife, "said parties referred to being in collusion thereto." No specific misstatement or misrepresentation is alleged, and the suggestion of collusion between plaintiff and defendant's wife is not an allegation of fact but a mere conclusion not well pleaded. (*LaHarpe Farmers Union v. United States F. & G. Co.,* 134 Kan. 826, 8 P. 2d 354, syl. ¶ 3.) It should also be noted that the petitioner did not squarely allege that the $500 balance of his indebtedness had been paid, but merely that while petitioner was in the hospital and before his mental capacity had been restored the plaintiff Renner had orally stated that "said indebtedness had been canceled as paid." Canceled as paid—how, and for what consideration? As a plea of payment it was insufficient. And as an allegation of cancellation it was likewise insufficient, since no consideration therefor was pleaded. The Roman law doctrine of acceptilation is no part of Kansas jurisprudence.

The judgment sought to be vacated was rendered on March 17, 1937. The petitioner was discharged from the hospital as restored to his sanity on August 22, 1938. The redemption period pursuant to the sale of his property in foreclosure ended on November 4, 1938. He alleged that shortly before the expiration of the redemption period he and plaintiff made an agreement to extend the redemption period. That allegation would seem to allege a ratification of the judgment of March 17, 1937, if any defect had inhered in it. But nothing was hinted at in the petition to set aside the judgment which, even if proved, would render the judgment void. (32 C. J. 788-789.) And even if voidable, it might be acquiesced in (1 C. J. S. 915-916); confirmed (15 C. J. S. 825); or ratified (52 C. J. 1144-1145; 1 Freeman on Judgments, 5th ed., 422-441). Petitioner's allegation that the agreement was of no effect because it grew out "of the illegal orders of the court" is gratuitous, since the court made no illegal orders in its judgment of March 17, 1937, nor in the court's subsequent proceedings pertaining thereto.

The suggestion is made that appellee's adjudication in lunacy and its consequences was an "unavoidable casualty and misfortune" which entitled him to have the judgment set aside. "Unavoidable casualty or misfortune" which prevents a party from prosecuting or defending an action, such as will suffice to vacate a judgment under section 568 or section 570 of the civil code (G. S. 1935, 60-3007; 60-3011) has frequently been discussed by this court. (*Winsor v. Goddard*, 15 Kan. 118; *Mehnert v. Thieme*, 15 Kan. 368; *Welch v. Challen*, 31 Kan. 696, 314; *Weems v. McDavitt*, 49 Kan. 260, 30 Pac. 481; *Avery Co. v. Seeley*, 110 Kan. 590, 204 Pac. 731; *Johnson v. Salkeld*, 126 Kan. 807, 271 Pac. 385.). In *Daniel Hill v. Elias Williams*, 6 Kan. 17, it was said:

"When 'unavoidable casualty or misfortune' is alleged, the facts must be so stated as to make it appear that no reasonable or proper diligence or care could have prevented the trial or judgment; that is, that the party complaining is not himself guilty of any laches." (Syl. ¶ 3.)

Lunacy does not fall within the term 'unavoidable casualty or misfortune' which will prevent a litigant from defending an action when a guardian *ad litem* has been appointed to defend him and when that service has been duly performed (*Dean v. Metcalf*, 144 Kan. 174, 176, 58 P. 2d 1073).

The judgment is reversed and the cause remanded with instructions to enter judgment in favor of N. A. Renner, appellant herein.