FULLWOOD et al. v. BROWN et al.

No. 32772.   Sept. 30, 1947.

Rehearing  Denied  Oct. 21, 1947.

*185 P. 2d 449.*

Phil W. Davis, Jr., and Norman Barker, both of Tulsa, for plaintiffs in error.

Hudson, Hudson & Wheaton, of Tulsa, for defendants in error.

WELCH, J. This action of plaintiff sought recovery of two city lots in Tulsa and rent thereon for 17 years.

The facts are that plaintiff formerly owned the two lots, but some 17 years ago tax liens on the lots for city paving had been foreclosed by judgment of the district court of Tulsa county, and at foreclosure sale the lots had been purchased by defendants and their predecessors in title.

In such foreclosure action the plaintiff here was named as defendant, and though at the time an insane person and an inmate of the State Hospital for the Insane, she was so described in the action and, in the manner provided by statute for such a defendant, she was legally served with summons, and the court appointed a guardian ad litem, a member of the Bar of the State, who appeared and answered for her and defended for her in the foreclosure action.

For the plaintiff here it is insisted the foreclosure judgment is void on the face of the judgment roll, and that therefore this action may be freely maintained as if the foreclosure action and judgment did not exist. It is assumed the plaintiff understands and concedes this action cannot prevail unless the foreclosure judgment is void. See Bird v. Palmer, 152 Okla. 3, 3 P. 2d 890; Adams v. Carson, 165 Okla. 161, 25 P. 2d 653.

This brings us to the specific contentions against the foreclosure judgment: First, that it is void because the Commissioner of Charities and Corrections of Oklahoma was not joined as a party defendant. Reliance is placed on the statutory provisions, 74 O.S. 1941 §181, and on cited cases. Matthews, State Commissioner of Charities and Corrections, v. Rucker, 67 Okla. 218, 170 P. 492; In re John Powell, 6 Okla. Cr. 495, 120 P. 1022, and Ex parte Dora Bonitz, 30 Okla. Cr. 45, 234 P. 780.

While that statute may give authority to the named official to appear for in-stitution inmates, it does not purport to supersede other statutory provisions which permit such an action as this to be instituted by and through a near relative as "next friend," nor other statutes which authorize the appointment of a guardian ad litem to defend for such an incompetent person. The cited cases are not contrary to this conclusion.

The general rule is well exemplified in Renner v. Black, 150 Kan. 834, 96 P.2d 626. There it is expressly held that when summons is properly served upon an insane person and guardian ad litem appointed who appears and joins issues the judgment is as binding against the incompetent as against an ordinary litigant.

We point out with emphasis that this is not a proceeding under any statutory authority by which a judgment against an insane person might be opened or relieved against. This is an action to recover lands and rents on the express theory that the former judgment is void on its face or on the judgment roll.

The pavement tax lien here was assessed and matured under pertinent charter provisions of the city of Tulsa, the details of foreclosure were in accordance therewith. Such details differ somewhat from such liens in other cities or towns where there is no city charter, or charter provisions as to such matters. In such other cities the state statute governs as to details of assessment and maturity. But in charter cities any material provisions of the charter apply. See Grier v. McCormick, 100 Okla. 36, 227 P. 400.

For the plaintiff there are urged several other alleged errors or grounds of invalidity of the foreclosure judgment. Those objections in a proper action would apply to foreclosure of a lien assessed and maturing under the general statutory law, but they have no application in this action. The foreclosure action and judgment here involved was a valid foreclosure of this

lien created and existing under the Tulsa city charter. We find no merit in any assigned reason presented to show the judgment to be void. The conclusion of the trial court to that effect is wholly correct.

After this action was commenced by the insane person by her daughter as next friend, the Commissioner of Charities and Corrections of the state filed a petition in intervention in aid of the insane person (still an inmate of the institution aforesaid), seeking relief on the same grounds as already alleged by the named plaintiff. The trial court ordered this pleading stricken and that action is presented as reversible error. We find no merit in that contention. The order to strike was doubtless justified because the petition in intervention was filed without asking or obtaining permission to file it. But we sustain and affirm on the broader ground that plaintiff's pleadings wholly failed to show the former foreclosure judgment to be void, and the so-called petition in intervention added nothing to the case and stated no cause of action.

The trial court order sustaining a demurrer to plaintiff's petition might as well have included a similar holding against the other pleading, but probably an order striking it was more exactly proper as above noted.

Finding no reversible error in the trial court, nor any mark of invalidity on the former foreclosure judgment or judgment roll thereof, the judgment for the defendants is affirmed.

HURST, C.J., DAVISON, V.C.J., and RILEY, CORN, and LUTTRELL, JJ., concur.

Rehearing Denied Oct. 21, 1947.