**Michelle D. HUDSON, Appellant,**

v.

**Lawrence E. HUDSON, Appellee.**

**No. 49290.**

Court of Appeals of Oklahoma, Division No. 1.

Sept. 14, 1976.

Rehearing Denied Oct. 19, 1976.

Certiorari Denied Feb. 9, 1977.

Released for Publication by Order of Court of Appeals Feb. 10, 1977.

---

5. *Hibdon v. Casualty Corp. of America*, supra note 2.

Chapel, Wilkinson, Riggs & Abney by Benjamin P. Abney, William H. Rima, Frank Gregory, Tulsa, for appellant.

Tom L. Armstrong, Tulsa, for appellee.

ROMANG, Judge:

Michelle D. Hudson (plaintiff) filed this action solely for the purpose of seeking the modification of child support ordered by the Superior Court of California as part of a divorce decree in 1972. The trial court sustained the defendant's demurrer and special demurrer for lack of personal jurisdiction. Service of process was had on the defendant Lawrence E. Hudson by registered mail, return receipt requested. Plaintiff appeals, urging as error the denial of full faith and credit to a California decree and the trial court's failure to find adequate grounds for personal jurisdiction.

■ In Oklahoma there are three methods of proceeding on a sister-state judgment. The obligee on a sister-state judgment or decree may (1) proceed to register the judgment or decree under the Uniform Enforcement of Foreign Judgments Act, 12 O.S.1971, §§ 719 et seq., cf. *Light v. Light*, 12 Ill.2d 502, 147 N.E.2d 34 (1957) where an alimony award was registered and modified under the Uniform Act; (2) proceed under the Uniform Reciprocal Enforcement of Support Act, 12 O.S.1971, §§ 1600.1 et seq.; or (3) bring a common law action on the foreign judgment or decree. These remedies are cumulative. 12 O.S.1971, § 725 and § 1600.4.

■ To be entitled to Full Faith and Credit under Article IV, § 1 of the U. S. Constitution a sister-state judgment or decree must be authenticated under 28 U.S.C. § 1738, and to be the basis of a common law action in Oklahoma the authenticated judgment or decree must be properly pleaded. 12 O.S.1971, § 299 and *St. Louis & S.F. R. Co. v. Crews*, 51 Okl. 144, 151 P. 879 (1915). While an action on a foreign judgment is an "action . . . on . . . [a] written instrument as evidence of indebtedness . . . ." under 12 O.S.1971, § 296, requiring that a copy be attached to the

pleading, *Smith v. First Nat. Bank*, 169 Okl. 90, 36 P.2d 27 (1934), the failure to attach a copy must be attacked by motion and cannot be reached by demurrer. *Fibikowski v. Fibikowski*, 185 Okl. 520, 94 P.2d 921 (1939).

Since the plaintiff clearly did not proceed under either Uniform acts we turn to the adequacy of personal jurisdiction to support a common law action.[1] It is to be noted that the plaintiff is not seeking to enforce the California decree as to past due child support claims but is seeking to have the courts of her domicile, and that of her children, modify the decree prospectively.

Personal jurisdiction is alleged under 12 O.S.1971, § 1701.03(a)(7). This section provides that

"A court may exercise personal jurisdiction over a person . . . as to a cause of action or claim for relief arising from the person's:

. . . . . . . . . .

(7) maintaining any other relation to this state or to persons or property including support for minor children who are residents of this state which affords a basis for the exercise of personal jurisdiction by this state consistently with the Constitution of the United States."

■ Plaintiff argues that this statute authorizes personal jurisdiction in an Oklahoma court over a resident of California because the California resident is supporting minor children who reside in this state. We agree that the language of the statute reaches this kind of situation where the facts indicate that the jurisdiction can be exercised consistently with the Due Process clause of the Fourteenth Amendment to the U. S. Constitution.

The plaintiff's petition alleges that the plaintiff and her children are residents of Oklahoma, that the defendant is a member of the U. S. Marine Corps stationed in California (defendant's domicile is not indicated), the California decree, and the

---

1. It is necessary to understand the nature of the enforcement/modification proceedings since it is not clear, for example, that anything more than notice is required under the Uniform Enforcement of Foreign Judgments Act, 12 O.S. 1971, §§ 719 et seq., although we express no opinion on this issue.

changed conditions. While the petition alleges that defendant was ordered to pay certain child support and no allegation of nonpayment is made, there is no allegation that defendant has regularly paid child support in Oklahoma.

 Well established law provides that state courts may exercise personal jurisdiction over a person (1) when that person has such minimum contacts with the state that the exercise of jurisdiction does not offend traditional Anglo-American notions of fair play and substantial justice, *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) and *McGee v. International Life Ins. Co.,* 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), and (2) where it is authorized by the statutes of that state. And while the degree of contact necessary to support jurisdiction is minimal, *McGee v. International Life Ins. Co., supra,*

> "The unilateral activity of those who claim some relationship with a nonresident defendant cannot satisfy the requirement of contact with the forum State. The application of that rule will vary with the quality and nature of the defendant's activity, but it is essential in each case that there be *some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State,* thus invoking the benefits and protections of its laws." (Emphasis added.) *Hanson v. Denckla,* 357 U.S. 235, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958)

Plaintiff's allegations are far short of showing that "the defendant purposefully avail[ed himself] of the privilege of conducting activities" in Oklahoma. While our "long-arm statutes" have been construed to reach the outer-most limits of Due Process, *Hines v. Clendenning,* 465 P.2d 460 (Okl. 1970), they only do so "when the asserted cause of action arises from the defendant's activities within the state." *George v. Strick Corporation,* 496 F.2d 10 (10th Cir. 1974) cited with approval by our Supreme Court in *Roberts v. Jack Richards Aircraft Co.,* 536 P.2d 353 (Okl.1975).

The quality of contacts alleged in this case falls short of meeting the constitutional standard adopted in *International Shoe, McGee* and *Hanson, supra,* and incorporated in 12 O.S.1971, § 1701.03(a)(7). The trial court's order sustaining the demurrer is therefore affirmed.

AFFIRMED.

REYNOLDS, P. J., and BOX, J., concur.